*In re* MARRIAGE OF LORNA B. JACOBSON, Petitioner-Appellee, and NORMAN K. JACOBSON, Respondent-Appellant.

First District (4th Division)    Nos. 79-734, 79-859 cons.

Opinion filed September 25, 1980.

Victor Neumark, of Neumark & Bonner, Ltd., and Jerome E. Wexler, of Holleb, Gerstein & Glass, Ltd., both of Chicago (J. Scott Bonner, of counsel), for appellant.

Schiller & Schiller, Ltd., of Chicago (Donald C. Schiller and John F. Martoccio, of counsel), for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The plaintiff petitioned for and was granted a decree of separation from the defendant. At the conclusion of the trial, the court, without separate hearing, awarded the plaintiff $8,500 in attorney's fees. The defendant appealed the award. Pending the appeal, the plaintiff was awarded $3,000 for her attorney's services on the appeal. The defendant also appealed from this award. The two appeals have been consolidated.

We reverse and remand, holding that both awards were in error since there was insufficient evidence to support either award.

The plaintiff, Lorna Jacobson, filed for divorcé in December 1976. After the Illinois Marriage and Dissolution of Marriage Act became

effective, the complaint was amended to request a judgment of legal separation. This was granted on October 10, 1978. Defendant did not contest the grounds for legal separation or the custody of the children.

The parties did, however, join issue with respect to spousal maintenance, child support and the payment of plaintiff's attorney's fees. Plaintiff had requested the award of such fees in her complaint, alleging that she was without adequate funds to maintain and support herself and the children and/or pay for their attorney's services. These allegations were denied by the defendant. At no time before trial did plaintiff serve notice upon the defendant as to the amount of attorney's fees sought.

At trial, considerable evidence was produced by the defendant as to both the defendant's assets and indebtedness. The plaintiff testified that she did not have certain assets defendant testified she had. She also testified that after defendant left her she had had to borrow money from some relatives. She further testified that the monthly living expenses for herself and the children were $3,567, or $42,804 a year. (They lived in the family home.) There was no evidence as to whether plaintiff could seek appropriate employment.

During final argument plaintiff's counsel asked that he be awarded $15,000 in attorney's fees. He stated in that argument, and not under oath, that he had expended 142 hours representing plaintiff and had incurred costs totalling $247. Although defendant in response requested the court to conduct a hearing on the question of attorney's fees, no such hearing was held.

The court ordered defendant to pay plaintiff $2,350 per month for maintenance and child support, to pay the children's extraordinary medical expenses, and to pay $8,500 in attorney's fees. The defendant appealed from the award of attorney's fees.

While the appeal was pending, plaintiff's attorney filed a petition seeking an award of attorney's fees pending the appeal. Subsequently, the plaintiff filed a petition entitled "amendment to petition," which sought the payment of certain medical expenses and such other relief as the court saw fit. While entitled "amendment to petition," the second petition in no way incorporated or referred to the first petition, nor did it purport to be an additional count. Rather, the second petition clearly replaced the first. The parties went to trial on the issue whether defendant was liable for certain medical expenses. After this issue was resolved, plaintiff's counsel requested $4,000 for his services on appeal. The court, remarking that it had been caught "very much off guard," ordered defendant to pay $3,000 "up front" subject to a review, upon termination of the appeal, of the time spent. No evidence was presented as to either the plaintiff's or defendant's financial resources or as to the time spent on the appeal or the value of the services.

## I.

Section 508 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 508) provides that the court, from time to time, after due *notice and hearing,* and after considering the financial resources of the parties, may order either spouse to pay costs and attorney's fees necessarily incurred by the other spouse. This requirement of notice and hearing is new. The corresponding section of the old divorce act (Ill. Rev. Stat. 1975, ch. 40, par. 16) contained no such requirement. We need not decide, however, whether under the new statute the court must always grant a separate hearing before awarding attorney's fees, since here, the evidence in the record is insufficient to support the award.

■■ Attorney's fees are the primary obligation of the party for whom the services are rendered. *(In re Marriage of Sanborn* (1979), 78 Ill. App. 3d 146, 396 N.E.2d 1192.) Before one spouse may recover attorney's fees from the other, the former must prove that he or she is unable to pay the fees and that the opposing party does have such ability. *(In re Marriage of Uphoff* (1980), 80 Ill. App. 3d 145, 398 N.E.2d 1243; *In re Marriage of Pedersen* (1979), 77 Ill. App. 3d 716, 396 N.E.2d 659; *Canham v. Saisi* (1978), 65 Ill. App. 3d 686, 382 N.E.2d 654; *Gasperini v. Gasperini* (1978), 57 Ill. App. 3d 578, 373 N.E.2d 576, *appeal denied* (1978), 71 Ill. 2d 602.) But this showing alone is not sufficient. As stated in *Christian v. Christian* (1979), 69 Ill. App. 3d 450, 458-59, 387 N.E.2d 1254, 1260-61, *appeal denied* (1979), 79 Ill. 2d 589:

> "In addition to the relative financial positions of the parties, the amount of fees to be allowed in a divorce proceeding depends on a consideration of the skill and standing of the attorneys employed, the nature of the controversy, and the novelty and difficulty of the questions at issue; the amount and importance of the subject matter, especially from a family law standpoint; the degree of responsibility involved in the management of the case; the time and labor required; the usual and customary charge in the community; and the benefits resulting to the client. (See *Collins v. Collins* (1977), 47 Ill. App. 3d 258, 263, 361 N.E.2d 787, 790; *Greenbaum v. Greenbaum* (1973), 14 Ill. App. 3d 217, 302 N.E.2d 165.) The work for which the compensation is sought must be shown to be reasonably required and necessary for the proper performance of legal services under the circumstances. (*Gasperini v. Gasperini* (1978), 57 Ill. App. 3d 578, 373 N.E.2d 576; see *Moreau v. Moreau* (1973), 9 Ill. App. 3d 1008, 293 N.E.2d 680.) The fees allowed should be fair and just to all of the parties involved; namely, the attorney to be compensated, the client, and the person who is required to pay. *Gasperini v. Gasperini; Green v. Green* (1976), 41 Ill. App. 3d 154, 354 N.E.2d 661."

■■■ In light of the fact that there was no evidence in the record as to

whether the plaintiff was unable to earn her own living, a factor to be considered under the new act in determining a party's financial resources (see Ill. Rev. Stat. 1977, ch. 40, par. 504), there is some question whether the plaintiff sustained her burden of showing her inability to pay her attorney's fees. However, we need not decide this issue because it is clear that the case must be reversed since there was no evidence as to reasonableness of the fees. It is well established in this State that the granting of attorney's fees is improper where no evidence is heard as to the items of service which were performed, or as to the basis of the amount requested or as to the reasonableness of the fees for such services. (*Murphy v. Murphy* (1975), 31 Ill. App. 3d 321, 334 N.E.2d 779, *appeal denied* (1975), 61 Ill. 2d 598.) Even if plaintiff's counsel's statement in closing argument could be considered evidence, which, obviously, it is not, general statements as to such things as the number of appearances in court are an insufficient basis for the allowance of attorney's fees. (*Errera v. Errera* (1947), 332 Ill. App. 582, 76 N.E.2d 215 (abstract).) Indeed, the usual practice is for the attorney to submit detailed records as to the hours spent. (See, for example, *Gasperini v. Gasperini* (1978), 57 Ill. App. 3d 578, 373 N.E.2d 576, *appeal denied* (1978), 71 Ill. 2d 602; *Canham v. Saisi* (1978), 65 Ill. App. 3d 686, 382 N.E.2d 654; *In re Marriage of Lipsch* (1980), 86 Ill. App. 3d 81, 407 N.E.2d 1028.) We also note that it is not sufficient to merely multiply the number of hours expended by counsel, even as shown by detailed records, by whatever hourly rate is determined to be reasonable without consideration of the other factors hereinbefore enumerated. (*Tippet v. Tippet* (1978), 65 Ill. App. 3d 1018, 383 N.E.2d 13.) A factor of special importance in this case where the issues were few would be whether the hours expended were actually necessary. *Gasperini v. Gasperini* (1978), 57 Ill. App. 3d 578, 373 N.E.2d 576, *appeal denied* (1978), 71 Ill. 2d 602.

## II.

■■ The award for attorney's fees on appeal must also be set aside since it was made without any supporting evidence either as to financial resources of either party or as to the services rendered. Even if we assume that there was sufficient evidence as to the parties' financial resources when the initial $8,500 award was made, this was not evidence as to their financial resources at a later date. (*Barton v. Barton* (1944), 323 Ill. App. 357, 55 N.E.2d 542.) The plaintiff's contention that defendant's failure to answer plaintiff's initial petition for attorney's fees was an admission of her inability to pay is not meritorious. That petition was in effect superseded by the amendment to the petition, which contained no such allegation. Furthermore, there was no evidence that such expenses were necessarily incurred, that is, that under the plaintiff's agreement with her attorney she would have been obligated to pay any appeal fee if the defendant did not do so. *Gasperini v.*

*Gasperini* (1978), 57 Ill. App. 3d 578, 373 N.E.2d 576, *appeal denied* (1978), 71 Ill. 2d 602.

Since the award must be set aside as unsupported by the evidence, and since the services have now been rendered, we need not determine whether under the Illinois Marriage and Dissolution of Marriage Act the trial court has authority to award attorney's fees for the defense of an appeal prospectively. See, however, *In re Sharp* (1978), 65 Ill. App. 3d 945, 382 N.E.2d 1279.

Reversed and remanded.

JOHNSON and JIGANTI, JJ., concur.