*In re* MARRIAGE OF CZESLAW P. LOS, Petitioner-Appellant, and KATAR-ZYNA LOS, Respondent-Appellee.

Second District No. 84—474

Opinion filed August 2, 1985.—Rehearing denied September 27, 1985.

Richard Gigante, of Chicago, and Paul R. Jenen, of Wheeling, for appellant.

Ralph J. Gust, Jr., of Lombard, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

The petitioner, Czeslaw P. Los, and the respondent, Katarzyna Los, were married in Poland on July 17, 1977. On September 17, 1982, petitioner filed this action for dissolution of marriage in the circuit court of Du Page County. After a contested trial on the issue of property division and maintenance, the trial court entered a judgment of dissolution of marriage on May 4, 1984. On appeal, petitioner argues that the trial court's division of marital property, award of maintenance and award of attorney fees to respondent were an abuse of discretion.

The marital assets and debts of the parties consist primarily of the marital residence, its furnishings and fixtures, a 1982 Chrysler New Yorker automobile, a $12,736.84 debt from a second piece of real

estate, and a $20,000 judgment taken against the parties by the petitioner's parents.

The marital residence, located at 1038 Kenilworth in Lombard, was purchased by the parties in March of 1978 for approximately $60,000. Prior to trial the house had been appraised by three separate realtors at $68,000, $74,000 and $82,000 and had been listed for sale unsuccessfully for four months at $81,500. The home had an outstanding mortgage balance of $43,823. The trial court ordered the house sold and awarded respondent 60% of the net proceeds and petitioner 40% of the net proceeds. The court did not make a specific finding as to the fair market value of the home. As to the furnishings and fixtures in the home, the court ordered that they be divided equally by the parties or sold at public auction and the proceeds divided equally if the parties could not agree on how to divide them.

The marital home was also encumbered by a judgment lien in the amount of $20,000 placed upon the property by petitioner's parents after this action was filed. Petitioner's parents had allegedly loaned the parties $20,000 when they were first married, $14,800 being used as a down payment for the marital home, $1,700-1,800 being used for closing costs on the home, and the remaining $3,400-3,500 being used to purchase an automobile and household furnishings. The court ordered that the judgment lien be paid solely out of petitioner's proceeds from the sale of the property.

The parties' second piece of real estate was a residential unit located at 7 East Goebel in Lombard. The parties rented out this property for $535 per month. Apparently neither party paid the mortgage payments on the property after this action was filed and the mortgage was foreclosed and sold, leaving a deficit of $11,336.85 plus charges of $1,400 in attorney fees. The court ordered both parties to pay one-half ($6,368.42) of this debt.

The parties also owned a 1982 Chrysler New Yorker automobile, which both parties agreed had a fair market value of $7,500. The court awarded the car to petitioner.

Further, the evidence showed that in 1983 petitioner earned $26,672.71 as a tool and die maker, while respondent earned an average of $11,000 for the years 1980-83. The court ordered petitioner to pay the respondent $300 per month in maintenance for a period of 24 months and $3,500 in attorney fees.

■ Petitioner's first argument on appeal is that the trial court erred in failing to make specific findings or to otherwise make clear from the record the relevant factors it considered in dividing the marital property. Petitioner is correct that a trial court *should* make spe-

cific findings or otherwise make clear from the record the relevant factors it considered in rendering a decision under sections 501 through 515 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, pars. 501 through 515). (*Sostak v. Sostak* (1983), 113 Ill. App. 3d 954; *In re Marriage of Amato* (1980), 80 Ill. App. 3d 395.) However, reviewing courts have uniformly held that where the record is adequate to provide a basis upon which to review the propriety of the decision, and the decision is supported by the evidence, the reviewing court will not reverse solely because specific findings are lacking. (*Sostak v. Sostak* (1983), 113 Ill. App. 3d 954; *In re Marriage of Reyna* (1979), 78 Ill. App. 3d 1010; *In re Marriage of Stallings* (1979), 75 Ill. App. 3d 96.) Here, the record is adequate to provide a basis upon which to review the decision and the decision is supported by the evidence.

■ Petitioner's second argument on appeal is that the trial court's division of marital property was an abuse of discretion. A trial court's distribution of marital property rests within its sound discretion and will not be disturbed absent an abuse of discretion. (*In re Marriage of Hellwig* (1981), 100 Ill. App. 3d 452.) Such an abuse of discretion occurs only where no reasonable person would take the view adopted by the trial court. *In re Marriage of Miller* (1983), 112 Ill. App. 3d 203.

■ The court ordered the marital residence sold and the net proceeds distributed 60% to respondent and 40% to petitioner. Using an average of the three appraisals introduced into evidence ($75,000) as the property's fair market value, respondent would receive $18,700 and petitioner would receive $12,500 after the property is sold and the outstanding mortgage paid off. Further, taking into account each party's $6,368.42 debt from the property located at 7 East Goebel, the award of the parties' $7,500 automobile to petitioner, and the award of $3,500 in attorney fees to respondent, we find that the court awarded respondent approximately $12,338 and petitioner approximately $10,102 in marital assets. (In addition, each received one-half of the furnishings and fixtures in the marital residence.) We cannot say that this division of marital property was an abuse of discretion.

■ Petitioner argues, however, that the court's division of marital property was an abuse of discretion because he was ordered to pay off the entire $20,000 judgment lien held by his parents on the marital residence. Respondent argues, on the other hand, that the evidence showed that the loan was not a loan at all, but was a gift and the $20,000 judgment lien was a fraud against her.

In a nonjury trial where there is conflicting testimony, the deter-

mination of the witnesses' credibility is for the trier of fact. His findings will not be disturbed unless manifestly against the weight of the evidence. (*In re Marriage of Stallings* (1979), 75 Ill. App. 3d 96.) Here, there is clear evidence in the record to support respondent's argument that the judgment lien was fraudulent. The evidence showed that petitioner had never made a payment on the alleged loan, that his parents had never requested payment on the alleged loan, that the judgment was obtained after this action was filed, and that petitioner never told the respondent that they had to repay the alleged loan or that his parents were suing on the alleged loan. In light of this evidence, we cannot say that the court's order that petitioner pay off the entire $20,000 judgment was an abuse of discretion or against the manifest weight of the evidence.

■ Petitioner further argues that even if the court believed the judgment lien was fraudulent and that the $20,000 was a gift, the court should have considered the gift in his favor as primary contribution in acquiring the marital home. While each party's contribution in acquiring marital property is one factor to be considered in dividing the marital property (Ill. Rev. Stat. 1981, ch. 40, par. 503(c)(1)), it is only one of many factors. The court should also consider "the reasonable opportunity of each spouse for future acquisition of capital assets and income." (Ill. Rev. Stat. 1981, ch. 40, par. 503(c)(10).) Here, the evidence showed that petitioner earned well over twice respondent's average annual salary. We cannot say, therefore, that the court's distribution was an abuse of discretion.

■ ■ Petitioner next argues that the court's distribution was an abuse of discretion because the respondent dissipated $15,100 in marital assets. Respondent contends, however, that the evidence shows that she did not dissipate any marital assets and that, in any event, petitioner also dissipated marital assets.

Dissipation may be found where a spouse uses marital property for his or her own benefit and for a purpose unrelated to the marriage at a time when the marriage relationship is in serious jeopardy. (*In re Marriage of Smith* (1983), 114 Ill. App. 3d 47.) Under section 503(c)(1) the court may consider such conduct and compensate the disadvantaged spouse when apportioning the marital property. (*In re Marriage of Hellwig* (1981), 100 Ill. App. 3d 452.) Specifically, petitioner argues that respondent dissipated $10,000 in marital assets in September of 1982 when she sent her parents $10,000. Respondent contends that the money belonged to her parents and was not marital property.

The evidence shows that respondent's parents came here from Po-

land and lived with the parties for nine months before returning to Poland in May of 1981, that respondent and her mother opened a joint savings account with $1,243 in October of 1980, that respondent's mother earned $6,677 while she lived with the parties, and that respondent's parents did not pay for food or rent while staying with the parties. Respondent testified that the $10,000 came from her mother's earnings, the initial deposit which was her parents' money, and from gifts her parents received from friends and relatives when they arrived in this country. Petitioner testified that the $10,000 came from respondent's earnings which she quit putting into their joint account when her parents arrived.

As stated earlier, in a nonjury trial where there is conflicting testimony, the determination of the witnesses' credibility is for the trier of fact. (*In re Marriage of Stallings* (1979), 75 Ill. App. 3d 96.) From this testimony the court could have found that the $10,000 respondent sent to her parents was their own money and that respondent, therefore, did not dissipate a marital asset. The court's decision, therefore, was not against the manifest weight of the evidence or an abuse of discretion.

■ Petitioner also argues that the trial court erred in failing to consider respondent's dissipation of petitioner's 1982 tax refund check in the amount of $2,400. The record again, however, does not support petitioner's contention. It is unclear from petitioner's own testimony whether he claimed respondent dissipated his 1981 tax refund received in 1982 or his 1982 tax refund received in 1983. Further, respondent testified that she kept only one tax refund, the refund from 1980 received in 1981. Since, as petitioner admits, any tax refunds for the tax years prior to 1982 are irrelevant because they would have been received at a time when the marriage was not in jeopardy, the court could have found that respondent did not dissipate the petitioner's 1982 tax refund received in 1983.

■ Petitioner further argues that respondent dissipated $2,700 when she withdrew that amount from her savings account on September 11, 1982. Respondent testified only that she spent the money on personal expenses. Respondent's failure to establish how this money was spent requires a finding that she dissipated that amount. *In re Marriage of Smith* (1984), 128 Ill. App. 3d 1017.

The dissipation of assets, however, does not require that this case be reversed, since the evidence also shows that petitioner dissipated marital assets. He admitted that after this action was filed, he collected over $6,000 in rent from the parties' property at 7 East Goebel and did not apply the money to the mortgage on the property, which

was later foreclosed. The petitioner testified only that he used this money for his cost of living and his bills. Again, the petitioner's failure to explain specifically how this money was spent requires a finding that he dissipated marital assets. *In re Marriage of Smith* (1984), 128 Ill. App. 3d 1017.

Petitioner's third argument on appeal is that in light of his wife's long employment history, the marital property awarded to his wife, the marital debts he was obligated to pay, the short duration of the marriage, and the relatively young age of the parties, the court's award of maintenance to his wife was an abuse of discretion.

▮▮ Maintenance may be awarded where the spouse lacks sufficient property or employment to provide for his or her reasonable needs and be self-supportive. (Ill. Rev. Stat. 1981, ch. 40, par. 504(a).) An award of maintenance is a matter within the sound discretion of the trial court and will not be reversed on appeal unless it amounts to an abuse of discretion. Such an abuse of discretion occurs where no reasonable man would take the view adopted by the trial court. *In re Marriage of Glessner* (1983), 119 Ill. App. 3d 306.

▮▮ In the present case the court awarded respondent temporary maintenance of $300 per month for 24 months. While respondent is only 30 years of age and was employed throughout the marriage, the evidence also showed that she earned only $11,000 a year and that her take-home pay of $700 did not meet her monthly needs of $1,000. In light of petitioner's earnings, $26,675 per year or roughly $2,200 per month, and the relatively equal distribution of the marital property, we cannot say the award of two years of maintenance was an abuse of discretion. See *In re Marriage of Brenner* (1981), 95 Ill. App. 3d 100 (where wife had take-home pay of $700 per month compared to husband's $2,300, she was entitled to maintenance due to disparity in incomes and inability to support herself at a level consistent with the marital standard of living).

Petitioner's next argument on appeal is that the trial court abused its discretion in awarding respondent $3,500 in attorney fees because the evidence showed respondent's greater ability to pay her attorney fees and because there was no petition or hearing on the issue of attorney fees.

▮▮ A spouse who seeks to recover attorney fees in a dissolution of marriage action must show his or her own inability to pay such fees as well as the ability of the other spouse to pay them. (*In re Marriage of Jacobson* (1980), 89 Ill. App. 3d 273; *Kaufman v. Kaufman* (1974), 22 Ill. App. 3d 1045.) In this context, however, financial inability does not mean destitution; the spouse need not exhaust his

or her own estate. (*In re Marriage of Lovell* (1981), 98 Ill. App. 3d 865; *Kaufman v. Kaufman* (1974), 22 Ill. App. 3d 1045.) The evidence here showed that respondent earned only $11,000 a year and that her take-home pay was insufficient to meet her expenses. Petitioner, on the other hand, earned $26,670 annually. The trial court, therefore, did not abuse its discretion in awarding respondent attorney fees.

 Beyond showing each party's ability to pay, however, the party seeking attorney fees must also show that the fee is reasonable. (*In re Marriage of Jacobson* (1980), 89 Ill. App. 3d 273.) In the instant case, respondent's counsel failed to submit a detailed record of his hours spent on the case and relied simply on his statement in closing argument that he had spent 75 hours on the case and was requesting $7,500 in fees. Under similar facts the court in *Jacobson* reversed an award of attorney fees, stating:

> "It is well established in this State that the granting of attorney's fees is improper where no evidence is heard as to the items of service which were performed, or as to the basis of the amount requested or as to the reasonableness of the fees for such services. [Citations.] Even if plaintiff's counsel's statement in closing argument could be considered evidence, which, obviously, it is not, general statements as to such things as the number of appearances in court are an insufficient basis for the allowance of attorney's fees. [Citation.] Indeed, the usual practice is for the attorney to submit detailed records as to the hours spent. [Citations.]" (89 Ill. App. 3d 273, 277.)

As in *Jacobson*, we find that there was an insufficient record upon which to determine the proper amount of attorney fees to be awarded in this case.

 Petitioner's last argument on appeal is that the trial court erred in ordering petitioner to return respondent's missing jewelry to her. Petitioner argues that the court's order is void as too indefinite, since it fails to state what jewelry is to be returned and because it is unsupported by any evidence that the petitioner did, in fact, take any jewelry.

A judgment affecting property is void where the judgment contains an uncertain or impossible description of the property, except where the description may be rendered definite and certain by reference to the pleadings and other parts of the record. (23 Ill. L. & Prac. *Judgments* sec. 23 (1979).) The judgment in this case fails to describe, in any way, the jewelry which the petitioner is ordered to return to the respondent, nor is a description of the jewelry found anywhere in the record. Therefore, this portion of the trial court's judgment is void.

For the reasons set forth above, the trial court's division of marital property and award of maintenance are affirmed, the court's order that the petitioner return the respondent's jewelry is vacated, and the court's award of attorney fees is reversed and remanded for further proceedings.

Affirmed in part, vacated in part, reversed in part and remanded with directions.

UNVERZAGT and LINDBERG, JJ., concur.