TED MIKAROVSKI, Special Adm'r of the Estate of Christine Mikarovski, a Deceased Minor, Plaintiff-Appellant, v. GARY WESSON, Defendant-Appellee.

Second District   No. 2—85—0113

Opinion filed April 3, 1986.

James P. Minnihan and Charles W. Roddick, both of Minnihan Law- Offices, of Sycamore, for appellant.

Donald L. Puckett and Bernard K. Weiler, both of Puckett, Barnett, Larson, Mickey, Wilson & Ochsenschlager, of Aurora, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, special administrator for the estate of Christine Mikarovski, his deceased daughter, filed a wrongful death action in which he alleged that wrongful acts by defendant, Gary Wesson, were the cause of the fire which took Christine Mikarovski's life. The trial court granted a directed verdict in favor of defendant, and plaintiff appeals. He raises the issues of whether the trial court erred in denying plaintiff a continuance for the purpose of securing the presence of an expert witness, and whether the trial court erred in denying plaintiff's motion for a new trial which was based on plaintiff's argument that the trial court must grant a new trial in order tò afford plaintiff the opportunity to present the testimony of the proposed expert witness.

This cause proceeded to a jury trial at which plaintiff introduced evidence that Christine Mikarovski died as a result of a fire in the house where she and her father were living. Defendant owned that house, but rented it to Mr. Mikarovski. Plaintiff presented the testimony of three witnesses, and then the court recessed since plaintiff's final witness, Peter L. Dakuras, had not appeared. The record indi-

cates that Mr. Dakuras, who was to be called as an expert for plaintiff, had been due at court at approximately 9 a.m. on that Friday morning. The court recessed at approximately 11:45 a.m. and resumed at approximately 1:30 p.m. The expert still was not present, and plaintiff's attorney represented that Dakuras' secretary had told him that Dakuras had experienced car trouble that morning. Plaintiff's counsel orally requested a continuance until Monday morning in order to secure Dakuras' presence. Plaintiff's counsel indicated that he was unable to make an offer of proof as to the substance of the proposed testimony.

Defense counsel objected to the continuance, arguing that since it was unknown why Dakuras failed to show up, and whether Dakuras would even be available on Monday, the court should not grant the motion. The trial court denied the motion for continuance, indicating that there was no method of determining the nature of the expert's proposed testimony. The trial court then granted defendant's motion for a directed verdict.

In plaintiff's motion for a new trial, plaintiff argued that had a continuance been granted, the expert's testimony would have completed a *prima facie* case for plaintiff. Attached to plaintiff's motion for a new trial was an affidavit by Mr. Dakuras. In the affidavit, Dakuras indicated that he had been unable to appear at court because he was notified that same day that he was needed to testify in another court case. He further indicated that if allowed to testify, he would testify that in his opinion the fire which resulted in Christine Mikarovski's death was the result of faulty wiring in defendant's home.

■■ On appeal, plaintiff first contends that the trial court erred in denying the motion for continuance. We do not agree. Plaintiff failed to support the request for continuance with an affidavit as required by Supreme Court Rule 231(a) (87 Ill. 2d R. 231(a)). A denial of a motion for continuance cannot be regarded as an abuse of discretion where the requirements of Supreme Court Rule 231(a) (87 Ill. 2d R. 231(a)) have not been met. (*Mann v. People* (1981), 98 Ill. App. 3d 448, 452; *Feder v. Hiera* (1980), 85 Ill. App. 3d 1001, 1003.) We note that defendant did not object to the continuance on this ground in the trial court, but while a failure to object to a lack of affidavit may waive the formal requirement that an affidavit be submitted, the substantive requirements for the content of the affidavit are not waived. (*Westlake v. Moffitt* (1975), 30 Ill. App. 3d 597, 599.) Supreme Court Rule 231(a) (87 Ill. 2d R. 231 (a)) requires, among other things, that the nature of the proposed testimony be set forth. Here,

plaintiff specifically admitted that an offer of proof as to the nature of the proposed testimony could not be made at that time.

Under the circumstances of this case, where the trial court was not apprised of the nature of the proposed testimony, we conclude that the trial court did not abuse its discretion in denying the motion for continuance.

■ Next, plaintiff argues that the trial court erred in denying the motion for a new trial. Attached to that motion was an affidavit by Mr. Dakuras, plaintiff's proposed expert. While submission of this affidavit at the time plaintiff moved for a continuance might have required the trial court to grant the continuance, we cannot say that the trial court erred in denying plaintiff a new trial for the purpose of presenting this additional witness. Where a party offers evidence for the first time in a post-trial motion, which could have been produced at an earlier time, it is not an abuse of discretion for the trial court to deny its introduction into evidence. (*Weiner v. Exchange National Bank* (1980), 87 Ill. App. 3d 1012, 1016.) Other than plaintiff's attorney's own lack of diligence in determining the substance of the testimony to be offered by his own expert witness, there is no reason that an affidavit setting forth the proposed testimony could not have been submitted at the time the continuance was requested. In light of counsel's failure to timely offer an affidavit of the proposed testimony, we conclude that the trial court did not err in denying plaintiff's motion for a new trial based upon this affidavit.

Accordingly, the judgment of the circuit court of DeKalb County is affirmed.

Affirmed.

HOPF and STROUSE, JJ., concur.