*In re* MARRIAGE OF PHILIP N. COLLINS, Petitioner-Appellee, and BARBARA N. COLLINS, Respondent-Appellee (Gregory A. Adamski *et al.*, Appellants).

Second District   No. 2—86—0578

Opinion filed April 10, 1987.

Gregory A. Adamski, of Carponelli, Krug & Adamski, of Chicago, for appellants, *pro se.*

J. Brick VanDerSnick, of Bochte & Kuzniar, of St. Charles, and Harry Schaffner, of Schaffner & Associates, Chartered, of West Dundee, for appellees.

JUSTICE NASH delivered the opinion of the court:

This is an appeal by the law firm of Carponelli, Krug and Adamski from a judgment denying its petition for attorney fees.

The firm of Carponelli, Krug and Adamski (law firm) represented Barbara N. Collins for a period of time in dissolution of marriage proceedings; however, during the course of the proceedings, it withdrew as her counsel, and she proceeded with new representation. On January 16, 1986, the law firm filed its petition for the recovery of attorney fees against the husband or wife pursuant to section 508 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 508). An amended petition, with an attached summary of time spent working on the case, was filed on February 19, 1986, and on that same date, the trial court denied the petition. On March 10, 1986, the law firm filed what it termed a renewed petition or motion for reconsideration. Attached to the petition was a summary of the time expended and photocopies of time slips which reflected work performed for Barbara N. Collins. This petition was never served on Barbara or Philip Collins and the law firm again filed the same document and attached summary and photocopies on May 16, 1986. On June 18, 1986, the trial court denied the law firm's motion, and it appeals. The law firm advances no argument that the trial court should have treated the motion as an amended pleading or that the court's failure

to allow amendment was an abuse of discretion. As the law firm treats the motion solely as one for reconsideration, we will view the court's action as a denial of a motion for reconsideration.

▪ We must first determine whether the law firm's motion for reconsideration of its petition for fees and costs was timely filed. Generally, a post-trial motion must be filed within 30 days of the entry of judgment. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1202(c).) Here, the trial court denied the law firm's request for attorney fees on February 19, 1986. Within 30 days of that denial, the law firm filed a motion in the nature of a motion for reconsideration, although requested by the law firm to be alternatively treated as a renewed petition, with new evidence consisting of photocopies of time slips attached. However, the law firm conceded that the other parties were never served with a copy of the original motion and it was subsequently refiled. Supreme Court Rule 104(b) (87 Ill. 2d R. 104(b)) requires that written motions "be filed with the clerk with a certificate of counsel or other proof that copies have been served on all parties who have appeared and who have not theretofore been found by the court to be in default for failure to plead." Supreme Court Rule 104(d) provides:

> "Failure to deliver or serve copies as required by this rule does not in any way impair the jurisdiction of the court over the person of any party, but the aggrieved party may obtain a copy from the clerk and the court shall order the offending party to reimburse the aggrieved party for the expense thereof." 87 Ill. 2d R. 104(d).

In *City of Chicago v. Exchange National Bank* (1971), 133 Ill. App. 2d 370, 374, 273 N.E.2d 484, 486, *aff'd on other grounds* (1972), 51 Ill. 2d 543, 283 N.E.2d 878, the court held that a failure to serve the nonmoving party with a copy of the motion within the applicable time period did not result in the motion's being invalid. As long as the motion was filed within the allowable time period, it was timely filed. (See also *Kollath v. Chicago Title & Trust Co.* (1974), 24 Ill. App. 3d 353, 357-58, 321 N.E.2d 344, 348, *rev'd on other grounds* (1975), 62 Ill. 2d 8, 338 N.E.2d 188 (a failure to serve a nonmoving party entitled to notice with a copy of a motion does not render an order based on that motion void). But see *Wilson v. Moore* (1973), 13 Ill. App. 3d 632, 633, 301 N.E.2d 39, 40 (award of attorney fees entered on a motion not served on the other party held to be void); *Vlahakis v. Parker* (1971), 3 Ill. App. 3d 126, 278 N.E.2d 523 (abstract of opinion) (motion made within 30-day period as required but not served until a few days later was not timely filed).) This court, in *Maras v. Bertholdt* (1984), 126 Ill. App. 3d 876, 881, 467 N.E.2d 599, 603, held

that a failure to serve a party entitled to notice with a copy of an order which was adopted by the court resulted in a void order.

■ Here, the law firm refiled the same motion for reconsideration and then properly served all parties, on a date after the 30-day time period had expired. We consider that pursuant to Supreme Court Rule 104(d) (87 Ill. 2d R. 104(d)), where, as here, the nonmoving parties were present for the hearing on the motion and suffered no prejudice due to the law firm's failure to serve them originally with the motion within the appropriate time period, that the court had jurisdiction to rule on the order after refiling. This is in contrast to a situation where, as in *Maras v. Bertholdt* (1984), 126 Ill. App. 3d 876, 467 N.E.2d 599, the court entered an order without notice to and without the presence of the other party.

■ The law firm, in requesting the trial court to reconsider its prior order, attached time slips to its motion for reconsideration. If evidence offered for the first time in a post-trial motion could have been produced at an earlier time, it is not an abuse of discretion for the court to deny its introduction into evidence. *Weiner v. Exchange National Bank* (1980), 87 Ill. App. 3d 1012, 1016, 410 N.E.2d 237, 240.

We turn then to the determination of whether the law firm's proof of fees at the first hearing was sufficient to entitle it to costs and fees. The amended verified petition alleged that various attorneys in the law firm rendered substantial and valuable services on behalf of Barbara Collins, including:

"a. Client consultation, tax planning, family support planning, client meetings, client telephone conferences, and client correspondence;

b. Preparation, filing, and service of a petition for dissolution of marriage;

c. Preparation, filing, and service of a notice to produce pursuant to Illinois Supreme Court Rule 214;

d. Review of Mrs. Collins' expense records;

e. Preparation of petition for temporary maintenance and hearing and argument on [*sic*] thereon.

f. Review and production of Mrs. Collins' banking records;

g. Review of financial records produced by Mr. Collins;

h. Preparation, filing and service of a verified answer to the petition to change custody of the minor children;

i. Preparation of an order of impoundment and agreed protective order;

j. Participate in extensive settlement negotiations with op-

posing counsel, including conference, telephone calls, and correspondence relating to such settlement;

k. Participate in conferences and many telephone calls with Mrs. Collins regarding the ongoing status of all aspects of the proceeding;

l. Preparation and presentation of motion to withdraw as counsel for Mrs. Collins; telephone calls with Mrs. Collins and with her new counsel regarding such withdrawal;

m. Review and appearance on the motion for substitution of new counsel for Mrs. Collins; telephone calls regarding same;

n. Preparation, filing and service of the petition for attorneys' fees and disbursements."

Attached to the petition was a summary of hours expended by the various attorneys showing the date, the initials of the persons performing the service, and the number of hours expended. No information regarding the specific service performed for that amount of time was noted. The number of hours was then multiplied by an hourly rate for a claimed total due of $10,875. Additionally, six hours were charged as law clerk hours and billed at a lower rate. Adding this fee to the attorney fees, the total was $11,055. The summary also included a breakdown of the expenses incurred, totaling $878.60, and the total fees and costs due, less the retainer paid, amounting to the $9,433.60 claimed.

At the hearing on the petition, attorney Adamski was asked questions by his counsel regarding the summary of expenses and services performed. An objection on the basis of the best evidence rule was made and sustained, the court finding that absent the billing statements upon which the summary was based, the petition would be denied. Attorney Adamski then testified, as an offer of proof, substantially in accordance with the petition as to the nature of the services rendered, the total number of hours expended, and the reasonable value of those services. He did not detail the hours spent on each type of service.

■■■ The best evidence rule provides that in establishing terms of a writing, the original writing must be produced unless it is unavailable. (*Leischner v. Deere & Co.* (1984), 127 Ill. App. 3d 175, 178, 468 N.E.2d 182, 183.) The rule does not apply where a party seeks to prove a fact which has an existence independent of any writing, even though that fact may have been reduced to, or is evidenced by, a writing. (*Continental Illinois National Bank & Trust Co. v. Eastern Illinois Water Co.* (1975), 31 Ill. App. 3d 148, 159, 334 N.E.2d 96, 106.) The law firm argues, and we think correctly so, that proof of time

and services expended, while also evidenced by the time records, could properly be proved by oral testimony of the persons rendering the services, and the summary of the record as to the time and services expended were facts existing independent of any writing. We conclude that the best evidence rule was not applicable and the trial court erred in barring the summary and Adamski's testimony on that grounds. In reaching this conclusion, we do not consider any hearsay issues implicit in the offered testimony as that has not been raised by the parties. However, as the trial court's order may be upheld on any basis appearing of record (*Eddings v. Dundee Township Highway Com.* (1985), 135 Ill. App. 3d 190, 197, 478 N.E.2d 888, 893), we will review the other arguments made by the parties in support of the trial court's order.

■ The law firm argues that in *Welsh v. Welsh* (1976), 38 Ill. App. 3d 35, 347 N.E.2d 512, and in *Moreau v. Moreau* (1973), 9 Ill. App. 3d 1008, 293 N.E.2d 680, the courts awarded fees based only upon an attorney's testimony. Those cases are not persuasive because no objection was there made to the proof of the facts, and the manner in which the fees were proved was not an issue on appeal. As noted in the case of *In re Marriage of Jacobson* (1980), 89 Ill. App. 3d 273, 277, 411 N.E.2d 947, 950, the usual practice is for the attorney to submit detailed records as to the hours spent and general statements as to such things as number of appearances in court are an insufficient basis for the allowance of attorney fees. The court noted that it is not sufficient to multiply the number of hours expended by counsel, even as shown by detailed records, by a sum considered to be a reasonable hourly fee. Other facts, including the skill and standing of the attorneys employed, the nature of the controversy, the novelty and difficulty of the questions at issue, the amount and importance of the subject matter, the degree of responsibility involved in the management of the case, the time and labor required, the usual and customary charge in the community, and the benefits resulting to the client must be considered. (89 Ill. App. 3d 273, 276-77, 411 N.E.2d 947, 949-50.) While attorney Adamski's testimony, as shown in the offer of proof, may not be disregarded as unsworn testimony (see *In re Marriage of Los* (1985), 136 Ill. App. 3d 26, 34, 482 N.E.2d 1022, 1027), it was no more detailed than was the summary. Noticeably missing were details of what was being performed by the attorneys for the hours noted. In *dicta* in *Gasperini v. Gasperini* (1978), 57 Ill. App. 3d 578, 583, 373 N.E.2d 576, 580, the court stated that where the hours claimed are grouped together without proper itemization the court may disallow fees for those hours.

■ We note that the summary did properly itemize the $878.60 in costs incurred by the law firm during its representation of Barbara Collins and it is entitled to recover these costs. However, in all other respects, we find that the trial court did not abuse its discretion in denying the law firm's petition for attorney fees.

Accordingly, the judgment is reversed and the cause remanded for entry of a judgment awarding petitioners $878.60.

Reversed and remanded.

LINDBERG, P.J., and WOODWARD, J., concur.