DONNA CHESROW, Plaintiff-Appellant, v. DU PAGE AUTO BROKERS, INC., *et al.*, Defendants-Appellees.

Second District No. 2—89—1265

Opinion filed July 19, 1990.

Maureen Flaherty, of Lehrer, Flaherty & Canavan, P.C., of Wheaton, for appellant.

Connie J. Butcher, of Law Offices of Douglas P. Trent, of Carol Stream, for appellees.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

The plaintiff, Donna Chesrow, appeals from the trial court's denial of her petition for an award of attorney fees against the defendants, Du Page Auto Brokers, Inc., Thomas Polk, and Louis Anzelmo. Relying on section 10a(c) of the Consumer Fraud and Deceptive Business Practices Act (the Consumer Fraud Act) (Ill. Rev. Stat. 1989, ch. 121½, par. 270a(c)), the plaintiff sought an award of the attorney fees she incurred in defending a prior appeal brought by the defendants.

At issue on appeal is whether the trial court abused its discretion in denying the petition because the plaintiff failed to prove the attorney fees incurred in the prior appeal.

This litigation began with the filing of the plaintiff's three-count complaint in the circuit court of Du Page County based on the plaintiff's purchase of a used automobile from the defendants. Count I of the original complaint alleged a revocation of acceptance of the automobile (see Ill. Rev. Stat. 1987, ch. 26, par. 2—608); count II alleged that the defendants violated the Consumer Fraud Act; and count III alleged fraudulent misrepresentation. The jury returned a verdict in favor of the defendants on count I and in favor of the plaintiff on count III. The trial court ruled in the plaintiff's favor on count II.

The defendants then appealed the entry of judgment against them on counts II and III (No. 2—88—0912), and the plaintiff cross-appealed a portion of the trial court's ruling on the amount of attorney fees to be awarded her under count II (No. 2—88—0930). This court affirmed the judgment of the circuit court in all regards. *Chesrow v. Du Page Auto Brokers, Inc.* (2nd Dist. 1989), Nos. 2—88—0912 & 2—88—0930, cons. (unpublished order under Supreme Court Rule 23).

The plaintiff then filed her petition in the circuit court to recover the fees she incurred in contesting the defendant's appeal of the judgment. The petition alleged that the plaintiff's attorneys, who charged for their services at the rate of $150 per hour, spent 54.5 hours on the prior appeal and the petition. Accompanying the petition were photocopies of time slips from the plaintiff's attorneys which purportedly correspond to the work performed on appeal and in preparation of the petition. The notations on the slips include phrases such as: "Prep N/A"; "Rev. Def. Appeal brief"; "appeal"; "worked on appeal"; and "work & research appeal."

In her petition, the plaintiff noted that the Appellate Court for the Fifth District has held that fees and costs incurred by a prevailing party on appeal can be recovered under the Consumer Fraud Act. (See *Warren v. LeMay* (1986), 142 Ill. App. 3d 550, 583.) The defend-

ants responded that the Appellate Court for the Fourth District reached a contrary conclusion (see *M & W Gear Co. v. AW Dynamometer, Inc.* (1981), 97 Ill. App. 3d 904, 915), and they urged the trial court to deny the petition.

Norman Lehrer, one of the plaintiff's attorneys, testified at the September 12, 1989, hearing on the plaintiff's petition. Lehrer stated that his firm spent approximately 58 hours on the plaintiff's appeal. A substantial portion of the work, Lehrer testified, was performed by two other attorneys in his office, and he could not elaborate on what part of the work which they performed corresponded to the time slips filled out by each. Though the defendants' appeal of the original judgment involved both the Consumer Fraud Act count and the common-law fraud count, Lehrer's testimony did not indicate which portion of the firm's work corresponded to each of the two issues. He stated that only two hours were spent on the plaintiff's cross-appeal.

On September 20, 1989, the trial court announced its ruling on the plaintiff's petition. The court noted the cases which conflict on the question of whether section 10a of the Consumer Fraud Act allows a party to recover attorney fees incurred on appeal. The court then stated:

> "THE COURT: *** I am not basing my decision really on either of those cases with respect to whether attorney fees are appropriate or not because my personal opinion is that attorney fees are appropriate in a consumer fraud action.
>
> *** However, there is no notation in the time sheets of how much of [the attorneys'] time is spent on Mr. Lehrer's appeal and how much was spent on his cross-appeal or on the appeal in question. Mr. Lehrer *** really couldn't comment on what most the hours were spent on by either Ms. Flaherty or the associate in his office.
>
> * * *
>
> So although its within my discretion to either follow the Fourth or the Fifth District, that is not the reason I am not awarding fees. The reason I am not awarding fees is it would be purely speculation on the amount based on the time sheets that I have been provided and the testimony."

After the court denied the petition, the plaintiff filed a motion for reconsideration of the ruling or, in the alternative, to reopen the proofs. The trial court denied the motion, stating that the evidence presented would only have allowed it to "speculate, guess, and use conjecture on what was done" by the plaintiff's attorneys in the prior appeal. The plaintiff now appeals from the denial of attorney fees and

the denial of her motion to reconsider.

■ Section 10a(c) of the Consumer Fraud Act allows the circuit court to award "reasonable attorney's fees and costs to the prevailing party" in an action brought under that statute. (Ill. Rev. Stat. 1989, ch. 121½, par. 270a(c).) The decision whether to award attorney fees rests within the sound discretion of the trial court. Factors to be considered in this determination include the time and labor required, the novelty and difficulty of the questions involved, the experience and ability of the plaintiff's counsel, the skill necessary to perform the legal services rendered, the customary fees charged for such services, and the benefits resulting to the client. *Kleidon v. Rizza Chevrolet, Inc.* (1988), 173 Ill. App. 3d 116, 123-24.

■ Our initial inquiry is whether the Consumer Fraud Act allows for the award of attorney fees incurred on appeal as well as those incurred at trial. If fees or costs incurred on appeal are not compensable under the Consumer Fraud Act, then the trial court correctly denied the plaintiff's petition. We agree with the rationale stated in *Warren v. LeMay,* where it was held that the Consumer Fraud Act does allow for the award of attorney fees incurred on appeal. The court there stated:

"In view of the statute's broad remedial purposes, we perceive that the intent of this provision is to compensate a prevailing party for *all* fees and costs reasonably incurred in connection with the claim brought pursuant to its terms. Where the claim must be litigated not only at trial, but also on appeal, then the attorney fees and costs incurred by the prevailing party in connection with appellate proceedings must be deemed an integral part of that claim and should be recoverable under the statute." *Warren,* 142 Ill. App. 3d at 583.

The court in *M & W Gear Co. v. AW Dynamometer, Inc.,* on the other hand, placed undue emphasis on the notion that a statute awarding attorney fees must be strictly construed because it is in derogation of the common law. (*M & W Gear Co.,* 97 Ill. App. 3d at 915.) This approach overlooks the Consumer Fraud Act's explicit requirement that it "be liberally construed to effect the purposes thereof." (Ill. Rev. Stat. 1989, ch. 121½, par. 271a.) Allowing plaintiffs to recover fees and costs incurred on appeal is consistent with our statutory mandate to provide appropriate remedies to defrauded consumers. *Warren,* 142 Ill. App. 3d at 583.

In the instant cause, the trial court apparently felt that it was authorized to award the plaintiff attorney fees incurred on appeal. Nevertheless, the court held that the plaintiff failed to present sufficiently

specific *evidence* to justify an award of fees. The court felt that the time sheets submitted by the plaintiff's attorneys and attorney Lehrer's vague descriptions of the appellate work performed left it with no definite notions about what fees were actually incurred in the appeal of the consumer fraud issue.

■ In *In re Marriage of Collins* (1987), 154 Ill. App. 3d 655, this court addressed the evidentiary requirements of a petition for attorney fees:

> "[T]he usual practice is for the attorney to submit detailed records as to the hours spent and general statements as to such things as number of appearances in court are an insufficient basis for the allowance of attorney fees. *** [It is necessary to provide] details of what was being performed by the attorneys for the hours noted. *** *[W]here the hours claimed are grouped together without proper itemization the court may disallow fees for those hours."* (Emphasis added.) *Collins,* 154 Ill. App. 3d at 660.

Here, the plaintiff did not provide the trial court with any itemization from which the court might have deduced what work corresponded to the time sheets. The notations on the time sheets, such as "appeal" and "work & research appeal," do not indicate with any specificity what work was performed by the attorneys. Though Lehrer testified about the general type of work performed, he could not elaborate on the work corresponding to the time sheets, nor could he articulate what work was performed by the other attorneys in his firm.

■ These concerns are especially relevant in the instant case because the trial court did not have any independent knowledge of the appellate proceedings. When a party seeks attorney fees incurred at trial, factors such as the nature of the controversy and skill of the attorney become evident during the proceedings. (*Jiles v. Spratt* (1990), 195 Ill. App. 3d 354, 360-61.) Because the court here was not exposed to the appellate proceedings in the same way as it would be exposed to trial proceedings, it was reasonable for the court to insist that the petition be supported by a greater degree of independent proof (see *In re Marriage of Ackerman* (1988), 168 Ill. App. 3d 438, 443-44).

■ Moreover, while the basis of the petition for attorney fees was the Consumer Fraud Act, only a portion of the litigation stemmed from that statute. The defendants also appealed the judgment entered against them on the common-law fraud count of the plaintiff's complaint. Recovery under the Consumer Fraud Act is different from that under common-law fraud. (*Salkeld v. V.R. Business Brokers* (1989), 192 Ill. App. 3d 663, 677.) An award of attorney fees may be made

only to a party prevailing in an action brought under the Consumer Fraud Act. (Ill. Rev. Stat. 1989, ch. 121½, par. 270a(c).) Though she could only recover for fees incurred in defense of the Consumer Fraud Act count of her complaint, the plaintiff failed to differentiate what part of her attorneys' work was spent on that issue.

■ The plaintiff argues that, even if the proof of attorney fees was vague, it is clear that she incurred *some* attorney fees on appeal and that, therefore, the trial court should not have denied her petition *in toto.* We disagree. It was incumbent upon the plaintiff to submit sufficient evidence to support her petition for attorney fees. (*Collins,* 154 Ill. App. 3d at 660.) Absent this proof, the plaintiff cannot rely on a generalized assumption that *some* fees were incurred without giving the trial court any guidance as to the amount.

Accordingly, we conclude that the trial court did not abuse its discretion in denying attorney fees to the plaintiff because of her failure to prove what compensable fees were incurred on appeal.

■ The plaintiff also contends that the trial court abused its discretion when it denied her motion to reconsider or, in the alternative, to reopen the proofs. Upon a motion filed within 30 days of the entry of final judgment, a circuit court may vacate or modify the judgment upon terms and conditions deemed reasonable. The decision whether to do so is vested in the sound discretion of the trial court. (*Espedido v. St. Joseph Hospital* (1988), 172 Ill. App. 3d 460, 467.) Here, the plaintiff's motion sought to reargue the same issue, and the plaintiff failed to submit any new argument or authority. Thus, it was within the court's discretion to deny the motion.

The judgment of the circuit court of Du Page County is, therefore, affirmed.

Affirmed.

DUNN and GEIGER, JJ., concur.