In re MARRIAGE OF TRUDY ANN SPARAGOWSKI, Petitioner-Appellee, and JACK EDWARD SPARAGOWSKI, Respondent-Appellant.

Third District   No. 3—91—0703

Opinion filed July 10, 1992.

Peggy J. Ryan and Scott C. Helmholz, both of Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., of Springfield, for appellant.

No brief filed for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

On December 3, 1979, the circuit court of Fulton County entered a judgment dissolving the marriage between the respondent, Jack Edward Sparagowski, and the petitioner, Trudy Ann Sparagowski. At the time of the divorce, the parties' two children were ages six and three. The circuit court granted the petitioner custody of them and ordered the respondent to pay child support.

On October 5, 1989, the petitioner filed a motion to modify the child support order. Following a hearing, the circuit court increased the child support and found that the respondent should pay the petitioner's attorney fees in the amount of $1,643.95. The respondent subsequently filed a motion to vacate the award of attorney fees. Thereafter, the circuit court ordered the respondent to pay the reduced amount of $800 in attorney fees. The respondent now appeals this order. We reverse.

No appellee's brief has been filed in response. However, since the record is simple and the issue is clear, we will address the merits of the case. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Attorney fees are the primary obligation of the party for whom the services are rendered. (*In re Marriage of Jacobson* (1980), 89 Ill. App. 3d 273, 411 N.E.2d 947.) However, in a proceeding to modify a dissolution judgment, the court may order one spouse to pay some or all of the attorney fees and costs necessarily incurred by the other. (Ill. Rev. Stat. 1991, ch. 40, par. 508(a)(2).) The spouse seeking an award of attorney fees must demonstrate both a financial inability to pay the fees and the ability of the other spouse to do so. (*In re Marriage of Cotton* (1984), 103 Ill. 2d 346, 469 N.E.2d 1077.) Financial inability exists where payment would strip the person of the means of support and undermine her economic stability. (*In re Marriage of Bentivenga* (1982), 109 Ill. App. 3d 967, 441 N.E.2d 336.) Merely showing that the other spouse has a greater ability to pay at-

torney fees is not sufficient. (*In re Marriage of Piccione* (1987), 158 Ill. App. 3d 955, 511 N.E.2d 1157.) The trial court's decision will not be disturbed absent a clear abuse of discretion. *In re Marriage of Ryan* (1985), 138 Ill. App. 3d 1077, 487 N.E.2d 61.

▪ In the case at bar, we find that the petitioner failed to satisfy the first prong of the test, *i.e.*, that she was financially unable to pay her attorney fees. According to the record of the hearing on her petition to modify child support, she had a gross income of $21,511 per year. She had received annual cost-of-living increases, and was likely to qualify for a 5% merit increase in 1991. She further testified that her home was worth approximately $45,000 and that her equity in the home was approximately $18,000. She also owned a new automobile. Moreover, at the close of the hearing, the trial court increased her child support payments from $150 to $170 per week.

Although the petitioner testified that she had to borrow money to meet certain expenses in connection with her home, her financial affidavit reveals that the monthly payments for these loans totaled $334.92. The petitioner did not testify that she was unable to make these payments. Nor did she introduce any evidence to support her assertion that she was unable to pay her attorney fees.

Based on the foregoing, it does not appear that requiring the petitioner to pay her own attorney fees will strip her of her means of support or undermine her economic stability. We need not address the question of the respondent's ability to pay, as the petitioner has failed to meet the burden of showing her inability to pay. Accordingly, we reverse the judgment of the trial court.

The judgment of the circuit court of Fulton County is reversed.

Reversed.

McCUSKEY and GORMAN, JJ., concur.