National Builders Bank of Chicago, Appellee, v. Robert L. Simons, Appellant.

Gen. No. 41,082.

Opinion filed December 30, 1940.

LANDIS & LANDIS, of Chicago, for appellant; ALVIN LANDIS, of counsel.

RINGER, REINWALD & SOSTRIN, of Chicago, for appellee; M. LESTER REINWALD and MORRIS SOSTRIN, of counsel.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

This is a companion case to two other appeals (consolidated Gen. Nos. 40,759 and 40,760), in which opinions are being filed concurrently with this case. The defendant, Robert L. Simons, had negotiated loans on behalf of Stone-Field Corporation and Tailoring Corporation of America, of which he was president, for the aggregate sum of $45,000. The consolidated appeals involved notes approximating $13,000, and this appeal arises out of an action instituted on the re-

mainder of the obligations, the amount due and owing thereon being $32,567.93. Plaintiff's complaint consisted of two counts. Count 1 was based on the notes and trade acceptances personally indorsed by Simons. Count 2 was predicated on fraud and sets forth in detail the manner in which Simons, by means of false financial statements, obtained the loans from plaintiff on behalf of his companies, his subsequent indictment by the United States Government for having used the mails in furtherance of a scheme to defraud creditors, his plea of guilty to the charges lodged against him, and the subsequent finding and sentence imposed on him resulting in his incarceration in the federal penitentiary.

Defendant answered count 1 denying liability on the sole ground that he, as indorser, did not receive notice of presentment, demand, dishonor or protest. In answer to count 2 he admitted the facts charged by pleading only the statute of limitations, to which plaintiff replied that the statute had been tolled by Simons's absence from the State of Illinois. After the pleadings were at issue, plaintiff made a motion for summary judgment based on the contract action set forth in count 1. This motion was supported by the affidavit of an officer of the plaintiff bank which set forth in substance that Simons had negotiated five trade acceptances and two principal promissory notes to the bank on behalf of the Stone-Field Corporation and his other company, which he had personally indorsed; that on the respective maturities thereof these obligations were not paid, and that on the date of each maturity notices of presentment, demand for payment, dishonor and protest were sent to the corporations and to defendant himself. Photostatic copies of the trade acceptances, notes and certificates of protest were attached to the affidavit.

Simons filed an affidavit in opposition to the motion for summary judgment, admitting the execution of the trade acceptances and notes, his personal indorsement

thereof and negotiation of the same to the bank, and set forth by way of defense that March 17, 1930, an involuntary petition in bankruptcy was filed against the Stone-Field Corporation and a receiver appointed; that March 27, 1930, an order was entered granting leave to the receiver to sell all the assets of the bankrupt corporation; that at the time plaintiff bank sent notices of presentment, demand, dishonor and protest to him on the respective maturities of these negotiable instruments, the bankruptcy had already occurred, and that therefore Simons did not have any office at 2256 South LaSalle street, the address of the corporations to which the notices were sent, and that the proper place of sending notices to him was 4940 East End avenue, Chicago. When it appeared that the sole defense interposed by Simons was the alleged failure to receive notice, plaintiff immediately sought and had leave of court to file a supplemental affidavit in support of its motion for summary judgment, which was signed by an officer of plaintiff bank, and set forth in substance that Simons was president, treasurer and director of the Stone-Field Corporation and owned all its capital stock; that March 1, 1930, prior to the maturity of the trade acceptances and notes, he advised officers of the bank that his corporations were insolvent and in financial difficulties; that March 7, 1930, Simons as president and on behalf of the Stone-Field Corporation executed an assignment for the benefit of creditors, and that a creditors' committee took over the assets of the corporation until March 17, 1930, when a petition in bankruptcy was filed against the corporation; that a receiver was then appointed, and afterward, on April 5, 1930, the corporation was duly adjudged a bankrupt; that April 16, 1930, the bankrupt corporation filed its schedules, signed and sworn to by the defendant Simons as its president, setting forth that its liabilities greatly exceeded its assets. Various other allegations were made, which are not immediately important in this proceeding, some of which refer

to Tailoring Corporation of America, another of Simons companies, and of which he was also the president and the owner of its capital stock.

In answer to the supplemental affidavit filed by plaintiff, defendant made a motion to strike the same. He thereby admitted the material facts contained in the affidavit, no denial having been made as to the essential allegations pleaded. The only defense attempted to be set up in the motion to strike was that the officer of plaintiff bank who signed the affidavit did not have personal knowledge of the matters sworn to.

Pursuant to a hearing on the affidavit filed by plaintiff in support of the motion for summary judgment, the affidavit in opposition thereto filed by Simons, the supplemental affidavit filed by plaintiff, and defendant's motion to strike, a summary judgment was entered in favor of plaintiff, the court being of opinion, and holding, that defendant was not entitled to notice under the provisions of the Negotiable Instruments Act and the common law, and that it was therefore immaterial whether defendant, as indorser, received notice or not. Simons has prosecuted this appeal from the summary judgment thus entered.

It is urged principally on behalf of Simons that plaintiff's failure to give proper notice of protest to him constituted a complete defense to the action. Plaintiff's supplemental affidavit set forth various reasons in support of its contention that this defense was untenable. They may be briefly summarized as follows: (1) That Simons, who indorsed these negotiable instruments, was president, treasurer, director and sole owner of the capital stock of Stone-Field Corporation, and active head of the company, as well as of Tailoring Corporation of America, the other concern involved in the proceeding; (2) that on March 1, 1930, within two days after Simons had negotiated the last instrument of the Stone-Field Corporation, he informed the officers of the plaintiff bank that his corporation was in financial difficulties, and that its

liabilities exceeded its assets; (3) that on March 4, 1930, at a meeting of the creditors of the Stone-Field Corporation in New York, which Simons attended, he agreed to and subsequently did execute an assignment of the corporation's assets for the benefit of creditors; (4) that a creditors' committee took over these assets, and continued in possession until March 17, 1930, when a petition in bankruptcy was filed against the corporation and a receiver appointed; that subsequently, on April 5th, 1930, the corporation was adjudicated a bankrupt, and on April 15th of that year Simons executed the bankruptcy schedules which set forth under oath that its liabilities were greatly in excess of the assets; like allegations were made with reference to Tailoring Corporation of America, the other concern involved in these proceedings: (5) that Simons had fraudulently, wilfully and maliciously negotiated these trade acceptances and notes, bearing his indorsements to the plaintiff bank; (6) that although it was not necessary to give notice to Simons, as an indorser, that the bank had in fact sent such notices, seven in number, through the U. S. mails, to the only address specified by Simons as the place where all notices to him were to be sent.

Simons did not deny the facts set forth in the supplemental affidavit, nor did he file a counter affidavit. His motion to strike the supplemental affidavit rested on the ground that the matters set forth therein were immaterial and that the officer of the bank who signed it did not have personal knowledge of the facts. The court would not have been justified in allowing the motion for the reason assigned by Simons, since it was obvious that the bank official's affidavit was predicated on facts well within his and the bank's knowledge and on records of the transaction and the events following it, which were in the bank's possession.

On the question of notice it was clearly shown of record that notice had been given Simons, but whether or not he received it is immaterial. He was fully

conversant with all the transactions set forth in the pleadings, in fact he initiated them and knew of every fact and circumstance averred in the supplemental affidavit. Under the Negotiable Instruments Law (ch. 98, sec. 82, par. 104, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 89.104]) presentment for payment is dispensed with where waiver of presentment is either express or implied. This section of the statute is identical with that of other States where the matter has been considered under similar circumstances and passed upon adversely to Simon's contention. (*J. W. O'Bannon Co. v. Curran,* 113 N. Y. Supp. 359; *Ward v. Carlis,* 29 Penn. C. & D. Reports 685 (1937); *Atlantic Refining Co. v. Nucar Forwarding Corp.,* 11 N. J. Misc. 541, 167 Atl. 677; and various other decisions cited in plaintiff's brief.

Even though it were held that presentment and notice of dishonor were required to be given to Simons, as indorser, the same was undoubtedly waived under the facts set forth in plaintiff's supplemental affidavit. This pleading details the transaction between the parties, and supports the contention made by plaintiff and the conclusion of the court that Simons waived notice of presentment and dishonor. Negotiable Instruments Act, ch. 98, sec. 114, par. 136, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 89.136], provides that notice of dishonor is not required to be given to an indorser in either of several cases, one of which is where the indorser is the person to whom the instrument is presented for payment. We think this is precisely applicable to the relationship which Simons bore to his companies, and that in view of that relationship notice of dishonor to him was not necessary.

It is next urged that on a motion for summary judgment the trial court has power only to determine whether a meritorious issue is present. Having disposed of the question of notice, little remains to be considered or discussed. By failing to file a counter affidavit, Simons admitted substantially everything in

plaintiff's supplemental affidavit, and therefore the court properly ruled that plaintiff had presented a meritorious issue. As a matter of fact Simons had no defense on the merits to plaintiff's claim, and the court had no alternative except to enter judgment when the motion was made.

Plaintiff's counsel argue that by perpetrating a fraud upon the bank in the negotiation of the instruments sued on, defendant has precluded himself from asserting the defense interposed. However, in view of our conclusion as to the other defense, we consider it unnecessary to prolong this opinion by discussing this proposition. We think the court properly overruled defendant's motion to strike plaintiff's supplemental affidavit, and that the judgment of the trial court should be affirmed. It is so ordered.

*Judgment affirmed.*

SCANLAN and JOHN J. SULLIVAN, JJ., concur.