RICHARD LEISCHNER *et al.*, Plaintiffs-Appellees, *v.* DEERE & COMPANY, Defendant-Appellant.

Fourth District   No. 4—83—0452

Opinion filed August 21, 1984.

Richard F. Record, Jr., and Michael D. Gifford, both of Craig & Craig, of Mattoon, for appellant.

William O. Martin, Jr., and Gary E. Campbell, both of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellees.

PRESIDING JUSTICE MILLS delivered the opinion of the court:
Product liability suit against a snowmobile manufacturer.
Jury verdict for the manufacturer.
Trial court granted new trial.
We reverse.

### BACKGROUND

In February of 1978, Richard Leischner suffered a severe spinal injury in a snowmobile accident at the Cresthaven Country Club in Decatur. Leischner and his wife filed a product liability action against Deere & Company, the manufacturer of the snowmobile. They alleged that the seat and suspension system of the snowmobile were defectively designed in that the shock of bumps was transmitted to the rider instead of throughout the snowmobile. The Leischners alleged that the defective design caused Richard's injuries.

During trial, Deere called as a defense witness Thomas Lohr, a senior engineer in Deere's product engineering department in Horicon, Wisconsin. Lohr testified that he is familiar with Deere's record-keeping system for accident and injury claims and product complaints. He stated that those records contained details of snowmobile accidents involving Deere snowmobiles and of the resulting injuries. Lohr testified that he had reviewed all of the records and that—with the exception of Leischner's injury—there were no complaints of spinal injury caused by the seat and suspension system transmitting the shock of a bump to a rider.

At the close of the evidence, the jury returned a verdict in Deere's favor.

The Leischners filed a post-trial motion alleging in part that the trial court erred in allowing Lohr to testify concerning the absence of any reports of similar accidents in Deere's files. The trial court agreed and ruled that Deere had failed to lay a proper foundation for Lohr's testimony. The trial court also ruled that Lohr's testimony violated the best evidence rule because Deere failed to produce the records in question at the trial. The trial court vacated the jury's verdict and ordered a new trial.

Deere appeals.

We reverse and remand.

## PROPER FOUNDATION

■ To lay a proper foundation for testimony concerning the absence of similar prior accidents, the offering party must show that the absence occurred during the use of equipment similar to the injury-producing equipment. (*Darrough v. White Motor Co.* (1979), 74 Ill. App. 3d 560, 393 N.E.2d 122.) The offering party must also show that the absence occurred under conditions substantially similar to those surrounding the accident which gave rise to the suit. *Smith v. Verson Allsteel Press Co.* (1979), 74 Ill. App. 3d 818, 393 N.E.2d 598; see also *Parson v. City of Chicago* (1983), 117 Ill. App. 3d 383, 453 N.E.2d 770.

■ The foundation Deere laid met those requirements. Deere showed that there were 64,000 snowmobiles of similar design in use. It is safe to conclude that a substantial number of these were used on similar terrain at similar speeds in a similar manner. And Deere demonstrated that this use did not result in any accidents of the type suffered by Leischner. Such a showing satisfied the foundation requirements. *Ergo*, the trial court erred when it ruled that Deere failed to lay a proper foundation.

The trial court also ruled that Lohr's testimony violated the best evidence rule.

We disagree.

■■ The best evidence rule requires that when a party attempts to establish the terms of a writing, the original writing must be produced at trial unless it is unavailable. (*Lam v. Northern Illinois Gas Co.* (1983), 114 Ill. App. 3d 325, 449 N.E.2d 1007.) The best evidence rule, however, does not apply to testimony that records have been examined and found not to contain any reference to a designated matter. See *Lam v. Northern Illinois Gas Co.* (1983), 114 Ill. App. 3d 325, 449 N.E.2d 1007; see also *People ex rel. Illinois State Dental Society v. Vinci* (1976), 35 Ill. App. 3d 474, 342 N.E.2d 206; but see *City of Chicago v. McGraw* (1874), 75 Ill. 566.

■■ ■ The Leischners argue that it would be unfair for this court to not apply the best evidence rule to Lohr's testimony. They maintain that such a ruling would deprive them of any opportunity to examine the records and to cross-examine Lohr concerning those records. We cannot agree.

The Leischners are ignoring the fact that they had ample opportunity during discovery to examine and copy the records. And after obtaining the records in discovery, the Leischners were free to make whatever use of them that they pleased, including using them to cross-examine Lohr.

In sum, the best evidence rule did not apply to Lohr's testimony. And the trial court erred when it ruled otherwise.

For these reasons, we reverse and remand with instructions to the trial court to enter judgment on the jury's verdict.

Reversed and remanded.

TRAPP and GREEN, JJ., concur.