FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHICAGO, Plaintiff-Appellee, v. CHICAGO TITLE AND TRUST COMPANY, as Trustee, *et al.*, Defendants (Vincent J. Schreiber, Defendant and Intervenor-Appellant.)

First District (5th Division)   No. 84—0002

Opinion filed April 16, 1987.

Lucchese, McNish, Wognum & Koeppel, of Chicago (James P. Wognum, Robert J. McNish, and Steven M. Shaykin, of counsel), for appellant.

David I. Herbst, of Portes, Sharp, Herbst & Kravets, Ltd., of Chicago, for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, First Federal Savings and Loan Association of Chicago (First Federal), instituted mortgage foreclosure proceedings on property located at 240 Fencl Lane, Hillside, Cook County, Illinois, against defendants, Chicago Title and Trust Company, National Business Credits Corporation, and others. This property had also been assigned as security for a note upon which National Business Credits Corpora-

tion was the maker. Vincent J. Schreiber was a guarantor on the note and he intervened in the mortgage foreclosure proceedings. Summary judgment was entered for First Federal. Defendant-intervenor, Vincent J. Schreiber, appeals.

On this appeal, we are asked to determine whether section 15—201 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 15—201) required First Federal to produce the originals of the note and mortgage and whether the affidavit attached to First Federal's motion for summary judgment met the requirements set forth for affidavits in Supreme Court Rule 191(a) (87 Ill. 2d R. 191(a)).

In the mortgage foreclosure proceedings the defendants' answer admitted the note and mortgage, but alleged insufficient knowledge to admit or deny other allegations in First Federal's complaint.

The affidavit of James Scallon, general counsel for First Federal, was submitted by First Federal in support of its motion for summary judgment. The affidavit set forth the factual background of the mortgage loan, the default on the loan for lack of payment, the current outstanding balance, and the court costs due First Federal. Copies of the original note and mortgage and an affidavit of Margaret Brennan, a clerk employed by First Federal, were also submitted in support of First Federal's motion for summary judgment. Brennan's affidavit stated that the original note and mortgage had been lost. Intervenor Schreiber did not dispute that the copies of the original note and mortgage were incomplete or inaccurate. Intervenor Schreiber did not question the authenticity of the copies, nor did he contest that the original note and mortgage had been lost and were unavailable.

Schreiber objected to First Federal's motion for summary judgment and contended in the trial court, as he contends before this court, that (1) entry of summary judgment was inappropriate; (2) section 15—201 of the Code required the original note and mortgage and precluded a judgment from being entered based on copies; (3) the affidavit of Margaret Brennan set forth conclusions and not facts and therefore failed to comply with Supreme Court Rule 191(a) (87 Ill. 2d R. 191(a)). The trial court accepted the affidavits of Scallon and Brennan, the copies of the original note and mortgage, and entered summary judgment for foreclosure and sale over Schreiber's objections.

■ Schreiber contends that First Federal's motion for summary judgment was actually a motion for judgment pursuant to section 15—201 of the Code, which section, Schreiber contends, required that the original note and mortgage be filed in the proceedings. We disagree; section 15—201 does not require that the original note and mortgage be produced. The section states that copies of the "evidence of the in-

debtedness and security" shall be filed in the case. Ill. Rev. Stat. 1985, ch. 110, par. 15—201.

■ Schreiber also contends that the Brennan affidavit consists of conclusions rather than facts and therefore does not comply with the requirements of Supreme Court Rule 191(a) (87 Ill. 2d R. 191(a)), which in pertinent part reads:

> "(a) Affidavits in support of and in opposition to a motion for summary judgment under section 2—1005 of the Code of Civil Procedure, *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto. If all of the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used."

This supreme court rule is complied with when the contents of the affidavit are based on the personal knowledge of the affiant and the affiant could competently testify to its contents. (*Allied American Insurance Company v. Mickiewicz* (1984), 124 Ill. App. 3d 705, 708, 464 N.E.2d 1112.) Brennan's affidavit states that it was made on her personal knowledge. It set forth her employment by First Federal, her review of the file, and her search for the original note and mortgage.

Section 2—1005 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005) in pertinent part reads:

> "(a) For plaintiff. Any time after the opposite party has appeared or after the time within which he or she is required to appear has expired, a plaintiff may move with or without supporting affidavits for a summary judgment in his or her favor for all or any part of the relief sought.
>
> ***
>
> (c) Procedure. The opposite party may prior to or at the time of the hearing on the motion file counteraffidavits. The judgment sought shall be rendered without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■ The trial court considered the pleadings and affidavits. The complaint alleged that the attached exhibits and that the copies of the

original mortgage and note were true and correct copies of the original mortgage and note. Schreiber did not dispute, deny, or challenge the authenticity or accuracy of the copies of the note or mortgage. Based on the pleadings, the exhibits, and the affidavits, the trial court properly found that there was no genuine issue of fact and properly entered summary judgment for First Federal.

For the foregoing reasons the judgment of the trial court is affirmed.

Affirmed.

SULLIVAN, P.J., and LORENZ, J., concur.