WILLARD TIPSORD, Plaintiff-Appellant, v. UNARCO INDUSTRIES, INC., *et al.*, Defendants (Special Materials, Inc.-Wisconsin, *et al.*, Defendants-Appellees).—OTTO KESSINGER, Plaintiff-Appellant, v. UNARCO INDUSTRIES, INC., *et al.*, Defendants (Special Materials, Inc.-Wisconsin, *et al.*, Defendants-Appellees).—JAMES DENHAM, Plaintiff-Appellant, v. UNARCO INDUSTRIES, INC., *et al.*, Defendants (Special Materials, Inc.-Wisconsin, *et al.*, Defendants-Appellees).

Fourth District   Nos. 4—89—0058, 4—89—0059, 4—89—0060 cons.

Opinion filed September 28, 1989.

James Walker, Ltd., of Bloomington, for appellants.

Richard R. Ryan and Michael D. Hultquist, both of McCullough, Campbell & Lane, of Chicago, for appellees.

JUSTICE GREEN delivered the opinion of the court:

On December 20, 1985, plaintiffs Willard Tipsord, Otto Kessinger, and James Denham filed separate suits in the circuit court of McLean County against the same defendants alleging the defendants sold or supplied asbestos or asbestos-containing products to plaintiffs' employer, Unarco Industries, at its Bloomington plant. Plaintiffs contended they were exposed to the products and injured thereby. On September 1, 1988, and December 19, 1988, respectively, the court granted motions of Special Materials, Inc.-Wisconsin (Special Materials), and Special Shipping, Inc. (Special Shipping), both of whom were defendants in all of the cases, for summary judgment in each of the cases. After the last of the summary judgments, the circuit court made findings pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R.

304(a)) as to all summary judgments. Plaintiffs have appealed all summary judgments and all cases have been consolidated on appeal. We reverse the judgments as to Special Materials and affirm as to Special Shipping.

In response to a request by defendants for a bill of particulars, plaintiffs admitted their dates of employment at the Unarco plant were as follows: (1) Tipsord, during 1956 and 1957; (2) Kessinger, in 1955; and (3) Denham, for five or six months in 1967. Affidavits presented by defendants in support of their motions for summary judgment purported to show that Special Shipping was not incorporated until May 7, 1979, and Special Materials was not incorporated until February 26, 1969. If this were true, the incorporation of both defendants took place well after the last employment of any plaintiff at the Bloomington Unarco plant. The affidavits also purported to show that neither defendant ever supplied asbestos for the Bloomington plant and neither defendant had acquired the assets of or merged with any entity existing prior to the incorporation of the two defendants.

Plaintiffs maintain the showing made in support of the motions for summary judgment was insufficient to support the judgments, at least without plaintiffs having an opportunity for more discovery than they were permitted. We agree this was true in regard to the judgments in favor of Special Materials, but the judgments in favor of Special Shipping were properly supported.

Pursuant to section 2—1005(c) of the Code of Civil Procedure, summary judgments "shall be rendered" if the pleadings, depositions, affidavits, and other matters properly before the court show the movant to be entitled to judgment as a matter of law, because all factual matters are resolved in favor of the movant (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c)). Supreme Court Rule 191 states that affidavits in support of such a motion "shall be made on the personal knowledge of the affiants; *** shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; [and] shall not consist of conclusions but of facts admissible in evidence." 107 Ill. 2d R. 191.

By the time the circuit court ruled on Special Materials' motions for summary judgment, the motion was supported by the affidavits of Thomas C. Ewing, stated to be an attorney from Milwaukee, Wisconsin, and Suzanne Thomas, stated to be a paralegal working in the same firm with Ewing. Accompanying these affidavits was a document certified by the Secretary of State of Wisconsin to be a certificate of incorporation of an entity called Special Asbestos Company,

Inc., on February 26, 1969. Ewing stated in his affidavit that Material Services was incorporated on February 26, 1969, as per that certificate. In a discovery deposition on file in the cases, Ewing had testified that that corporation had undergone several changes of name but was the defendant corporation now known as Special Materials, Inc.—Wisconsin (Special Materials).

Ewing's affidavit stated: (1) he was "designated" and "authorized" to speak for Special Materials; (2) all corporate records of the corporation now called Special Materials, Inc.-Wisconsin (Special Materials), were in his possession in his law office; (3) that corporation had been incorporated on February 26, 1969, as per the certificate attached to the affidavit; (4) he had instructed Thomas to review all of those records; (5) Thomas had presented him with a summary of customers of the foregoing corporation; (6) Thomas was also instructed to identify any documents indicating whether that corporation had ever acquired the assets of or merged with an entity which did business prior to February 26, 1969; and (7) based on his review of the summary submitted by Thomas and her review of the records, he concluded Special Materials had never sold asbestos or products containing asbestos to the Bloomington Unarco plant or its present occupant, and Special Materials had never acquired assets of nor merged with an entity doing business prior to February 26, 1969.

The affidavit of Thomas set forth that she was a paralegal working under Ewing and confirmed the instructions his affidavit stated he gave her. She stated she had followed those instructions and presented to him the summary to which he referred. She then stated she had "reported" to Ewing "that based on her review," the defendant corporation now referred to as Special Materials had "never sold, shipped or supplied asbestos or asbestos-containing products" to the Bloomington plant in question. Notably, she spoke merely as to what she reported and not as to what she actually found. Thus, she made no statement under oath, even in conclusionary terms, as to what the records of Material Services did or did not show.

In arguing that the factual basis for a summary judgment may be established by an affidavit as to matters appearing in corporate records, Special Materials relies on *First Federal Savings & Loan Association v. Chicago Title & Trust Co.* (1987), 155 Ill. App. 3d 664, 508 N.E.2d 287, and *National Builders Bank v. Simons* (1940), 307 Ill. App. 562, 31 N.E.2d 274. We deem the affidavits there to be materially different than those supporting Special Materials' request for summary judgment here.

In *First Federal*, the affidavits presented were those of general

counsel and a clerk employed by a plaintiff seeking to foreclose a mortgage. The affidavit of the counsel set forth the factual background of the mortgage loan, the default, the outstanding balance and the court costs due, all based upon his personal knowledge. The affidavit of the clerk set forth that on her personal knowledge, based upon her search of the appropriate file, the note and mortgage had been lost. Objection to the affidavits was made by a guarantor on the note who contended the clerk's affidavit was too conclusionary. The appellate court disagreed and affirmed a summary judgment for the plaintiff.

In *National Builders Bank*, a summary judgment in favor of that plaintiff for amounts due upon notes and trade acceptances was affirmed on appeal. The motion for the judgment was based upon the affidavit of an officer of that plaintiff bank setting forth the facts concerning the negotiation for the instrument sued upon, the failure of the obligor to pay, and the amounts due. The appellate court concluded the affidavit showed that affiant had personal knowledge of the facts set forth in his affidavit. Notably, in neither *First Federal* nor *National Builders Bank* was any issue raised that the respondent to the motions for summary judgment had been denied any requested discovery.

Here, except (1) in regard to the date of incorporation of Material Services; and (2) the fact he had asked Thomas to make an investigation of corporate records and the report she made, nothing in Ewing's affidavit was made on personal knowledge. He then stated conclusions based upon her report. Thomas, on the other hand, only swore to the fact she made a report to Ewing but did not swear what she found or did not find in the records. For these reasons alone, those affidavits are insufficient. However, even if those affidavits were construed to constitute affidavits on personal knowledge that the records of Special Materials and its predecessors contain nothing to indicate that that corporation ever made the sales or shipments claimed to the Unarco plant and never did business prior to February 26, 1969, such affidavits would be insufficient under the circumstances here. This is because plaintiffs requested Special Materials furnish to them for inspection the records upon which the affidavits were based, and this request was refused.

■ In order to satisfy the "facts admissible in evidence" requirement of Supreme Court Rule 191 (107 Ill. 2d R. 191), Special Materials was not required to attach to its motions for summary judgment all of its records in order to show the lack of sales or shipments to the Bloomington plant or the lack of acquisitions of assets or mergers.

The lack of reference to a subject or an entity in records can be proved by the testimony of one who has examined those records. (*Leischner v. Deere & Co.* (1984), 127 Ill. App. 3d 175, 468 N.E.2d 182; *People ex rel. Illinois State Dental Society v. Vinci* (1976), 35 Ill. App. 3d 474, 342 N.E.2d 206.) However, the party making such proof must afford the opponents an opportunity to examine those records. (*Leischner*, 127 Ill. App. 3d 175, 468 N.E.2d 182.) The court erred here in considering Special Materials' affidavits after denying plaintiffs' requests to view those records.

■ Special Materials' strongest argument in support of the summary judgment is that if it were not formed until 1969 and did not take on the liability of a preexisting entity, it could not be liable here. Plaintiffs made no allegations in their complaints that Special Materials acquired liability of a preexisting entity, and Special Materials was not required to show it did not do so. Special Materials did produce a certified copy of the certificate of incorporation of Special Asbestos Company, Inc., indicating it was not formed until February 26, 1969. However, no documents were produced by Special Materials to show that the present corporation was the same one that was formed as Special Asbestos Company, Inc. That was shown only by the testimony of Ewing in his deposition. If that proof could be made by testimony of one who had seen the records, plaintiffs should have been entitled to inspect those records. Thus, not even the date of incorporation of Special Materials was properly shown.

Special Materials contends plaintiffs were required to come forward with some affirmative showing in regard to how Special Materials could have been liable for plaintiffs' alleged injuries, in view of the facts set forth in Ewing's and Thomas' affidavits. Such a duty to come forward with evidence is imposed on a respondent to a motion for summary judgment when the movant has presented some evidence in regard to an issue raised by the pleadings. Under our ruling here, Special Materials produced no evidence which can be considered, absent granting plaintiffs the discovery we have described. Neither Special Materials' affidavits nor the other matter placed before the court by Special Materials' motions for summary judgments required plaintiffs to come forward with any proof to avoid entry of a summary judgment against them.

The summary judgments in favor of Special Materials must be reversed.

Special Shippings' motions for summary judgment were supported by the affidavit of its president, Peter Trettin. He stated, in conclusionary form, that (1) the corporation was incorporated in Texas on

May 7, 1979; (2) it is a "non-vessel operating common carrier" and has "never mined, manufactured, brokered, or sold asbestos or asbestos-containing products"; and (3) it never sold or supplied any of the foregoing substances to the Unarco plant at Bloomington. Trettin stated the affidavit was "prepared on the basis of information contained in the files and records of" Special Shipping "or available to it," and the information in the affidavit was correct to the best of his knowledge.

Trettin's affidavit does not suffer from some of the problems of those submitted in behalf of Special Materials, but it is also very conclusionary. The affidavit does not indicate it is based on Trettin's personal information, nor does it state it is based on any search of the corporation records by Trettin. Thus, the affidavit, of itself, is insufficient to support the summary judgments entered even without consideration of the court's refusal to grant discovery requested by plaintiff.

■ Nevertheless, the affidavit is accompanied by a proper certificate showing the incorporation on May 7, 1979, of a corporation bearing the same name as that now used by Special Shipping. Unlike in regard to Special Materials, the name of the corporation referred to in the certificate of incorporation attached to the affidavit is the same as that of the defendant sued. No additional proof was necessary to show that the corporation being sued was organized on May 7, 1979, more than 10 years after the last exposure of any of the plaintiffs to asbestos at the Bloomington plant. As we have indicated, plaintiffs did not allege Special Shipping had assumed liability of any prior entity. Special Shipping did not have to negate that possibility. The proof of the date of Special Shipping's incorporation is, of itself, sufficient to support the summary judgments for Special Shipping.

For the reasons stated, we affirm the judgments entered in favor of defendant Special Shipping and reverse the judgments entered in favor of Special Materials. The cause is remanded to the trial court of McLean County for further proceedings on the matters still before that court.

Affirmed in part; reversed in part and remanded.

LUND and KNECHT, JJ., concur.