2022 IL App (3d) 210404

Opinion filed September 15, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| AUSTIN CASEY III, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-21-0404 |
| | ) | Circuit No. 20-CH-645 |
| | ) | |
| RIDES UNLIMITED CHICAGO, INC., | ) | Honorable |
| | ) | John C. Anderson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices Hauptman and Peterson concurred in the judgment and opinion.

**OPINION**

¶ 1       The trial court granted plaintiff's attorney fee petition brought under section 10a(c) of the Consumer Fraud and Deceptive Business Practices Act (Act) (815 ILCS 505/10a(c) (West 2020)) but substantially reduced the amount awarded. Plaintiff appealed. We reverse and remand.

¶ 2                                   I. BACKGROUND

¶ 3       Plaintiff Austin Casey III bought a used vehicle from defendant Rides Unlimited Chicago, Inc., for $3995, plus taxes and other charges. The vehicle broke down two hours into Casey's return trip to his home in Michigan. Casey had the vehicle towed back to Rides Unlimited the same

day and requested a refund of the purchase price. Rides Unlimited refused to issue a refund and Casey brought a complaint seeking equitable relief. Specifically, Casey presented claims under the Magnuson-Moss Warranty Act (15 U.S.C. § 2310(d) (2018)) (count I), the Uniform Commercial Code (810 ILCS 5/2-608, 2-711(1) (West 2020)) (count II), section 2 of the Act (815 ILCS 505/2 (West 2020)) (count III), and section 2L of the Act (*id.* § 2L) (count IV). Discovery ensued and Casey filed a motion for partial summary judgment under section 2L of the Act. The trial court granted the motion, awarded Casey the purchase price, and dismissed the other claims.

¶ 4 Casey filed a petition for attorney fees under section 10a(c) of the Act (*id.* § 10a(c)). The petition stated that Casey's counsel expended 22.4 hours on the case at an hourly rate of $475. Counsel sought $10,640 in attorney fees and $454.52 in costs, for a total of $11,094.52. The petition set forth counsel's background and experience. He attended Chicago-Kent College of Law, clerked for an Iowa supreme court justice and an Illinois appellate court justice, and was a partner at a law firm before establishing his own consumer litigation firm specializing in automobile cases. The petition further stated that Casey prevailed on his complaint under the Act and that he is entitled to an attorney fee award under the Act's fee-shifting provisions. Attached to the petition was an exhibit documenting approval of a $475 hourly rate in similar cases in northern Illinois.

¶ 5 A hearing took place on the petition but there is no report of proceeding in the record. The order from the hearing states that the petition was taken under advisement and that the decision would issue by mail. The trial court thereafter granted the attorney fee petition, relying on *Kaiser v. MEPC American Properties, Inc.*, 164 Ill. App. 3d 978 (1987); Illinois Rules of Professional Conduct of 2010 (Ill. R. Prof'l Conduct (2010) R. 1.5 (eff. Jan. 1, 2010)); and section 10a(c) of the Act (815 ILCS 505/10a(c) (West 2020)). However, the court reduced the award fee to $2500,

an amount it found to be "reasonable and appropriate." Casey appealed. This court allowed an *amicus curiae* brief of the National Association of Consumer Advocates and the Illinois Trial Lawyers Association to be filed in support of Casey's position.

¶ 6                                    II. ANALYSIS

¶ 7        The issue on appeal is whether the trial court erred in reducing the attorney fees it awarded Casey. He argues that the court erred in reducing his fee request and in failing to state its reasons for doing so. He further argues that the trial court erred in relying on authority requiring strict construction of the Act's fee-shifting provision rather than liberally construing it. Casey further argues that the trial court's reduction of his fee request violates the public policy behind the Act's fee-shifting provision. He asks this court to adopt the framework for awarding attorney fees set out in *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

¶ 8                              A. *Hensley v. Eckerhart*

¶ 9        Casey urges this court to adopt the framework for determining attorney fees as set out in *Hensley*, submitting that the third district is the only appellate district in Illinois that has not yet expressly adopted it. *Id.* At issue in *Hensley* was whether a party who prevails only on some claims may recover legal fees for fees incurred on the unsuccessful claims. *Id.* at 426. The court began with the lodestar calculation, which consists of the hours reasonably expended multiplied by a reasonable hourly rate. *Id.* at 433. From there, the court must then determine whether other factors require the court to adjust the lodestar amount. *Id.* at 434. This consideration must include "the important factor of the 'results obtained.' " *Id.* The court directed that where a plaintiff succeeded on only some claims, the court must ask if the unsuccessful claims were unrelated to the successful ones and whether the success obtained justified the hours reasonably expended sufficient to award fees. *Id.*

3

¶ 10    The *Hensley* court then applied a two-part test in which it first considered whether the plaintiff's claims for relief involved a common core of facts or were based on related legal theories. *Id.* at 434-35. The court focused on "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435. The *Hensley* court concluded that a plaintiff is not entitled to attorney fees on unsuccessful claims that are distinct from the claims on which he prevails but where the claims are related, a plaintiff who won substantial relief should not have his fee reduced because each argument was not accepted. *Id.* at 440.

¶ 11    *Hensley* is cited in only two third district decisions: *Beverly Bank v. Board of Review of Will County*, 193 Ill. App. 3d 130 (1989), and *Henry v. Keith*, 2012 IL App (3d) 110376-U. In *Beverly Bank*, the plaintiffs brought a civil rights action alleging the defendant discriminatorily increased assessed valuations on certain properties. *Beverly Bank*, 193 Ill. App. 3d at 132. The parties reached a settlement and the plaintiffs sought $1.15 million in attorney fees and costs. *Id.* The trial court granted the fee petition but reduced the award to $433,462. *Id.* This court found the trial court erred in reducing the fees where it relied on the size of the law firm to conclude that a small firm was entitled to lower fees. *Id.* at 138. The court cited *Hensley* for the proposition that a fee determination includes consideration of the results obtained. *Id.* at 139 (" 'As the Supreme Court has stated, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." ' " (quoting *Lightfoot vs. Walker*, 826 F.2d 516, 520 (7th Cir. 1987), quoting *Hensley*, 461 U.S. at 435)). In *Henry*, *Hensley* is cited for the abuse of discretion standard of review to be used in fee-shifting cases and the proposition that the court's discretion is not unchecked. *Henry*, 2012 IL App (3d) 110376-U, ¶ 29, The *Henry* court reversed and remanded the trial court's denial of the fee petition, finding that the trial court failed to consider the factors set

4

forth in Rule 1.5 of the Illinois Rules of Professional Conduct of 2010 regarding the assessment of attorney fees. *Id.* ¶ 34.

¶ 12 As maintained by Casey, we have found no third district cases adopting the *Hensley* framework and expressly do so now. The third district will now be in alignment with the other appellate court districts that have employed the *Hensley* framework. See *J.B. Esker & Sons, Inc. v. Cle-Pa's Partnership*, 325 Ill. App. 3d 276, 282 (5th Dist. 2001) (citing *Hensley* for the proposition that prevailing party was entitled to attorney fees "according to the degree of success" where ruling was not completely in prevailing party's favor); *Pietrzyk v. Oak Lawn Pavilion, Inc.*, 329 Ill. App. 3d 1043, 1047 (1st Dist. 2002) (applying *Hensley* framework and noting *Hensley* was cited "with approval" by the court in *Berlak v. Villa Scalabrini Home for the Aged, Inc.*, 284 Ill. App. 3d 231, 238 (1st Dist. 1996)); *Cannon v. William Chevrolet/Geo, Inc.*, 341 Ill. App. 3d 674, 687 (1st Dist. 2003) (adopting two-part *Hensley* test where the court "must evaluate whether the claims (1) involved a common core of facts or related legal theories and (2) whether the plaintiff achieved a level of success making it appropriate to award attorney fees for hours reasonably expended on the unsuccessful claims as well"); *Cress v. Recreation Services, Inc.*, 341 Ill. App. 3d 149, 191 (2nd Dist. 2003) (citing *Hensley* with approval for the proposition that the plaintiff was entitled to attorney fees award where multiple claims involve " 'a common core of facts or *** related legal theories' " (quoting *Hensley*, 461 U.S. at 435)); *Country Mutual Insurance Co. v. Styck's Body Shop, Inc.*, 396 Ill. App. 3d 241, 253-54 (4th Dist. 2009) (applying *Hensley* framework in reviewing attorney fee awards).

¶ 13 Although we adopt the *Hensley* framework, we are constrained from employing it under the record before us as discussed below.

¶ 14                      B. Strict Versus Liberal Construction

¶ 15        Casey next argues that the trial court erred in strictly construing the Act's fee-shifting

provision when a liberal construction is required. He points to the trial court's reliance on *Kaiser*,

a contractual fee-shifting case, as misplaced.

¶ 16        To effectuate its purposes, the Act is to be liberally construed. *Krautsack v. Anderson*, 223

Ill. 2d 541, 557 (2006) (citing 815 ILCS 505/11a (West 2004)). However, fee-shifting provisions,

because they are in derogation of the common law, are to be strictly construed. *Sandholm v.

Kuecker*, 2012 IL 111443, ¶ 64. The liberally construed construction applies to the Act's

substantive provisions and not to the fee-shifting provisions. *Id.*

¶ 17        As stated in its order awarding fees to Casey, the court relied on *Kaiser* for the factors the

court used to assess the reasonableness of Casey's attorney fees. *Kaiser*, 164 Ill. App. 3d at 984.

It did not cite the decision for guidance as to construction of the attorney fees provision.

Additionally, the *Kaiser* court noted that the petitioner was required to establish the reasonableness

of the fees, regardless of whether the fees were to be awarded per contract or statute. *Id.* at 985.

We find the court did not err in relying on *Kaiser* in construing the attorney fee provision.

¶ 18                                C. Public Policy

¶ 19        Next, Casey asserts that the trial court's reduction of the fees presented in his fee petition

violates public policy. Specifically, he maintains that the reduction failed to encourage access to

justice or vindicate consumer rights. We disagree.

¶ 20        The Act's fee-shifting provision is designed, in part, to provide access to legal assistance

to consumers who pursue remedies under the Act. *Aliano v. Transform SR LLC*, 2020 IL App (1st)

172325, ¶ 30. The provision also presents an incentive for attorneys to represent consumers under

6

the Act. *Id.* "The ability to recover attorney fees, however, allows defrauded consumers, whose claims are frequently small, to obtain counsel and seek redress under the Act." *Allen v. Woodfield Chevrolet, Inc.*, 208 Ill. 2d 12, 30-31 (2003).

¶ 21     Contrary to Casey's assertion, the trial court's determination regarding the attorney fee petition did promote the public policy underlying the Act. Although the trial court reduced the attorney fees, it granted the fee petition in part and awarded some fees to Casey's attorney, albeit a substantially reduced amount. Casey does not specify how the court's award violates public policy. Casey was represented by counsel who presented his consumer fraud claim and thus had access to justice. Casey obtained the entirety of the relief he sought; thus, his consumer rights were vindicated. The purposes of the Act's fee-shifting provision were not negated or ignored by the trial court. Casey was provided legal assistance to pursue his remedy under the Act and did, in fact, obtain a full remedy. Casey's attorney was paid what we presume the trial court found to be a reasonable fee. There was no violation of public policy.

¶ 22                     D. Reduction of Attorney Fees and Failure to Explain

¶ 23     Finally, Casey argues that the trial court erred in reducing the amount of the attorney fee award and failing to explain the reasons and factors necessitating the reduction.

¶ 24     The Act provides for an award of attorney fees as follows: "(c) Except as provided in subsections (f), (g), and (h) of this Section, in any action brought by a person under this Section, the Court *** may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party." 815 ILCS 505/10a(c) (West 2020).

¶ 25     The Illinois Rules of Professional Conduct of 2010 provide factors to determine the reasonableness of an attorney fee. Rule 1.5 provides that an attorney shall not agree to, charge, or

7

collect an unreasonable fee and sets forth the following factors to determine the reasonableness of an attorney fee:

"(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent." Ill. R. Prof'l Conduct (2010) R. 1.5(a) (eff. Jan. 1, 2010).

¶ 26    In addition to the Act and Rule 1.5, the trial court relied on *Kaiser*, 164 Ill. App. 3d 978, to reach its determination regarding the fee petition. In that case, the court looked at whether the fee petition specified the services performed, who performed them, and the hourly rate that was charged. *Id.* at 984. Additional factors to be considered include the attorney's skill and standing, the nature of the case, the novelty and difficulty of the issues and work, the matter's importance, the degree of responsibility involved, the usual and customary charges for the services and the benefit to the client, and if the fees and amount involved in the litigation are reasonably connected. *Id.* We review a trial court's attorney fee determination for an abuse of discretion. *Demitro v. General Motors Acceptance Corp.*, 388 Ill. App. 3d 15, 22 (2009).

¶ 27　　　　In support of the fee petition, the following documents were attached: the attorney's unredacted time records completed contemporaneously with the tasks described; redacted time records prepared for the fee petition; the attorney's attorney fee affidavit in which he describes his hourly fee that started at $325 in 2006 and rose to $475 in 2015; a 2015-2016 United States Consumer Law attorney fee survey report, which provided hourly attorney fees, including $475 for western Illinois, $450 for central and northern Illinois, with a median rate for vehicle cases of $450 and an average hourly rate of $565 for consumer law attorneys with 26-30 years of experience. Attached to his reply to Rides Unlimited's response to the fee petition was a declaration of Peter Luben, a consumer protection attorney who charged $495 per hour in individual contingency car fraud cases. He was familiar with Casey's attorney and his standard of work and estimated the case would require a bare minimum of 15 hours work to adequately represent the plaintiff. Also attached was an order from the La Salle County court approving a settlement agreement in a case where Casey's attorney represented another consumer in a vehicle case with a $475 hourly attorney fee.

¶ 28　　　　Rides Unlimited offered no evidence in rebuttal, only its assertions in its response to the fee petition that local hourly rates were $350 and that the hours expended by counsel were unreasonable and excessive. Rides Unlimited's claims were not supported by affidavit and it did not offer any other evidence to rebut Casey's evidence. Unrebutted affidavits stand as admitted facts. See *Carruthers v. B.C. Christopher & Co.*, 57 Ill. 2d 376, 380-81 (1974) (material facts in uncontested affidavits must be accepted as true). Moreover, Rides Unlimited did not file a response brief in this appeal and thus Casey's claims stand further unrebutted.

¶ 29　　　　The trial court's order allowing $2500 in attorney fees to Casey does not explain the reason for its reduction of the fees requested in the amount of $10,640, in contravention of its obligations.

The trial court was required to make specific findings documenting its reasons for reducing the amount of the fee petition. The trial court's order granting the fee petition in the reduced amount only references the applicable factors but does not discuss them. A lack of explanation for reducing the attorney fees constitutes an abuse of discretion. *Advocate Health & Hospitals Corp. v. Heber*, 355 Ill. App. 3d 1076, 1079 (2005) ("The court may not arbitrarily reduce the award, and a reduction requires a clear and concise explanation.").

¶ 30      There is no report of proceeding provided to this court and it was Casey's burden to provide a complete record on appeal. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (appellant has responsibility to present complete record on appeal). However, the common law record and the court docket indicate that Casey scheduled a hearing on the fee petition, both parties appeared, and the court allowed Rides Unlimited time to respond in writing and gave Casey time to reply to the response. Ultimately, the trial court took the matter under advisement and issued its ruling by mail. On this record, we do not consider that the report of proceedings would have clarified anything or provided the reasons the trial court reduced the fee award.

¶ 31      Because the trial court did not include any findings in its order, we have no basis to determine the court's calculations, whether it found that the hours expended or the hourly rate were too high or whether it reduced the fees based on some other reason. We cannot determine whether the court reduced the fees because it found they were unrelated to the prevailing claim as directed in *Hensley*. Accordingly, we reverse the trial court's reduction of the attorney fees and remand for a new hearing on Casey's fee petition and for the trial court to provide the reasons for its decision should it again reduce the fee. In addition, Casey's counsel is entitled to petition for the fees incurred in pursuing this appeal and in the trial court proceedings on remand. *Demitro*, 388 Ill. App. 3d at 25.

10

¶ 32                                    III. CONCLUSION

¶ 33          For the foregoing reasons, the judgment of the circuit court of Will County is reversed and

the cause remanded for further proceedings.

¶ 34          Reversed and remanded.

*Casey v. Rides Unlimited Chicago, Inc.*, 2022 IL App (3d) 210404

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 20-CH-645; the Hon. John C. Anderson, Judge, presiding. |
| **Attorneys for Appellant:** | Dmitry N. Feofanov, of ChicagoLemonLaw.com, P.C., of Lyndon, for appellant. |
| **Attorneys for Appellee:** | No brief filed for appellee. |
| *Amici Curiae*: | Patrick D. Austermuehle and Peter S. Lubin, of Lubin Austermuehle, P.C., of Oakbrook Terrace, for *amici curiae* National Association of Consumer Advocates *et al.* |