**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220280-U

Order filed May 11, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| YI YANG, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-22-0280 |
| | ) | Circuit No. 21-CH-162 |
| AERO AUTO WORKS, INC., and | ) | |
| MOHAMMED UDDIN, | ) | Honorable |
| | ) | Bonnie M. Wheaton, |
| Defendant-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Presiding Justice Holdridge and Justice McDade concurred in the judgment.

_____

**ORDER**

¶ 1       *Held*:   The circuit court erred by awarding attorney fees against one defendant but not the other.

¶ 2       Plaintiff, Yi Yang, appeals the Du Page County circuit court's denial of an attorney fee award as it pertains to the individual defendant, Mohammed Uddin, arguing that the court erred in awarding attorney fees against only one defendant and not against both defendants named in the suit. For the reasons stated below, we affirm as modified.

¶ 3                                    I. BACKGROUND

¶ 4 On May 5, 2021, Yang filed suit against defendants, Aero Auto Works, Inc., and Uddin, alleging violations of the Consumer Fraud Act (815 ILCS 505/2, 2L (West 2020)) and for further relief under the Magnuson-Moss Warranty Act (15 U.S.C. §2310(d) (West 2020)). Yang's complaint alleged that she purchased a vehicle from defendants "as is" in violation of section 2L of the Consumer Fraud Act. 815 ILCS 505/2L (West 2020). In the complaint, Yang requested a declaration that the purchase was void and to recover her money from the purchase. The complaint named Aero Auto Works as the corporate defendant that sold plaintiff the vehicle and the corporate president, Uddin, in his individual capacity. The complaint was served to both parties through Uddin.

¶ 5 The defendants did not file an appearance in the matter, nor did they appear in court. After defendants failed to appear or answer the complaint, plaintiff initiated discovery and served requests to admit on both defendants. Yang did not receive a response to these requests. She filed a motion to admit the facts contained in her request to defendants, which the circuit court granted. Yang then filed a motion for summary judgment against both defendants. Defendants again did not appear or respond to the motion. The circuit court granted Yang's motion with respect to both defendants.

¶ 6 After the court granted summary judgment against defendants, Yang submitted a petition for attorney fees, which the court granted in part, awarding attorney fees against the corporate defendant. However, it denied the award against the individual defendant. Yang filed a motion to reconsider. This motion stated that the court questioned the basis for liability against Uddin, and Yang argued that, based on facts admitted in the requests to admit, Uddin faced the same liability as Aero Auto Works as the facts admitted were identical. At the hearing on the motion to reconsider, Yang argued that her basis for the motion was that the facts that were deemed

admitted through the discovery request stated that Uddin was the seller of the vehicle. The court responded, "that's not sufficient" and denied plaintiff's motion. Yang appeals.

¶ 7                                                II. ANALYSIS

¶ 8        Yang argues that the circuit court erred by denying an award of attorney fees against Uddin, even though it awarded attorney fees against Aero Auto Works. The defendants have not filed a brief or have otherwise responded to this appeal. Under such circumstances, we find that we may decide the matter without the aid of the appellee's brief according to the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (finding that a reviewing court "may decide the merits of the case if the record is simple and the issues can be easily decided without the aid of the appellee's brief.").

¶ 9        The Consumer Fraud Act provides an award of attorney fees as follows:

>        "(c) Except as provided in subsections (f), (g), and (h) of this Section, in any action brought by a person under this Section, the Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party." 815 ILCS 505/10a(c) (West 2020).

¶ 10        Section 10a(c) states that the court "may" award attorney fees and costs; the word "may" indicates discretion. *Id.*; *People v. Ullrich*, 135 Ill. 2d 477, 484 (1990). Attorney fee awards are therefore left to the discretion of the trial court. *Krautsack v. Anderson*, 223 Ill. 2d 541, 554 (2006). In determining whether a court abused its discretion, there are several factors it may consider when ruling on a fee petition under section 10a(c) of the Act. 815 ILCS 505/10a(c) (West 2020). These factors include the degree of culpability or bad faith; the ability to satisfy the award ordered; whether an award would deter others from acting similarly; whether the party

3

requesting fees sought to benefit all consumers or businesses or to resolve a significant legal question regarding the Act; and the relative merits of the parties' positions. *Krautsack*, 223 Ill. 2d at 554.

¶ 11 We first note that the circuit court's order awarding attorney fees against Aero Auto Works does not explain the reason for its decision to deny such fees against Uddin. The circuit court should have made specific findings documenting those reasons. See *Casey v. Rides Unlimited Chicago, Inc.*, 2022 IL App (3d) 210404, ¶ 29. Moreover, a lack of explanation may constitute an abuse of discretion. *Advocate Health & Hospitals Corp. v. Heber*, 355 Ill. App. 3d 1076, 1079 (2005).

¶ 12 A hearing took place on the petition, but Yang failed to provide this court with a record of this proceeding. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (appellant has responsibility to present the complete record on appeal). However, the common law record indicates that the court held a hearing before rendering its decision. Further, Yang's motion to reconsider indicated that at the hearing, the court questioned Uddin's liability and submitted that the facts admitted in her discovery request were sufficient to establish liability, in exactly the same manner as she established liability against Aero Auto Works. The court at the hearing on the motion to reconsider merely stated "that's not sufficient" but did not explain why the evidence presented was sufficient to award fees against Aero Auto Works and insufficient as it related to Uddin other than to find that Aero Auto Works was listed as the dealer, not Uddin. With this record, along with the facts admitted through discovery, we do not believe the report of proceedings would have clarified or provided adequate reasons for the court's decision to not award attorney fees against Uddin. See *Casey*, 2022 IL App (3d) 210404 ¶ 30 (determined that

4

transcripts were not necessary when the record submitted on appeal provided sufficient information to reach a decision on the matter).

¶ 13    We can find no authority that addresses whether a court may award fees against one defendant but not another, and we find no reason here to differentiate between the individual and corporate defendant when there is no distinguishing fact that separates the two. The admissions created by defendants' failure to respond to Yang's requests to admit establish that the defendants sold Yang the vehicle in violation of the Consumer Fraud Act. The same set of facts applied to both defendants; thus, the same reasoning should be applied when determining the fee award. It was unreasonable for the court to determine that, when presented with the same evidence for each defendant, only one should have a fee petition awarded against it. Accordingly, we modify the court's fee order to include attorney fees be awarded against Uddin as well as Aero Auto Works.

¶ 14                                  III. CONCLUSION

¶ 15    The judgment of the circuit court of Du Page County is affirmed as modified.

¶ 16    Affirmed as modified.