2026 IL App (2d) 250116
No. 2-25-0116
Opinion filed January 13, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| MERRILL MILLER, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 23-AR-401 |
| | ) | |
| LAKE CAR SALES, INC., | ) | |
| d/b/a Car Castle, | ) | Honorable |
| | ) | Joseph V. Salvi, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices McLaren and Hutchinson concurred in the judgment and opinion.

**OPINION**

¶ 1   Plaintiff, Merrill Miller, filed a six-count complaint against defendant, Lake Car Sales, Inc., doing business as Car Castle. Following a bench trial, the trial court found in favor of plaintiff on count III, which alleged a breach of an express written warranty under the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (Act) (15 U.S.C. § 2301 *et seq.* (2018)), a consumer protection statute that provides for recovery of attorney fees. The court denied plaintiff's oral motion to file a fee petition and awarded plaintiff $600 in attorney fees and $394 in costs. Because the court abused its discretion in awarding fees and costs, we vacate that award and remand for the court to allow plaintiff to file a fee petition.

¶ 2                                    I. BACKGROUND

¶ 3     On August 25, 2022, plaintiff purchased a used 2005 Toyota Sequoia (vehicle) from defendant. On May 15, 2023, plaintiff filed a six-count complaint against defendant. As relevant here, count III alleged a breach of an express written warranty under the Act, based on defendant's written promise that defendant would replace the brakes on the vehicle following the purchase. The complaint alleged that, because plaintiff was unable to contact defendant regarding the repair, plaintiff paid to have the brakes replaced elsewhere. Plaintiff sought relief through compensatory damages, as well as attorney fees and costs.

¶ 4     Before trial, plaintiff dismissed counts II, IV, V, and VI. Counts I and III proceeded to a bench trial on February 24, 2025. According to the certified bystander's report, dated May 15, 2025 (see Ill. S. Ct. R. 323(c) (eff. July 1, 2017)), plaintiff testified that he entered into an agreement with defendant on August 25, 2022. Plaintiff purchased the vehicle for the asking price and paid in cash. Defendant promised in writing to provide a free oil change and to replace the brakes on the vehicle. Twice on the day of the purchase, and again the next day, plaintiff telephoned defendant to schedule an appointment to replace the brakes. Plaintiff left a voicemail each time he called. Defendant never responded, so plaintiff paid to have the brakes replaced elsewhere, at a cost of $979.03. Plaintiff also testified to incidental and consequential damages.

¶ 5     At the close of plaintiff's case, the trial court entered a directed finding for defendant on count I. At the conclusion of the trial, the court found for plaintiff on count III. The court awarded compensatory damages of $979.03. As explained by the bystander's report,

        "[t]he [c]ourt then asked [p]laintiff's counsel for the amount of their attorney's fees and

        costs. When [p]laintiff's counsel attempted to explain that attorney's fees and costs are

        normally decided post-trial, by a written fee petition, the [c]ourt indicated that this would

unduly prolong the matter and awarded [p]laintiff $600 in attorney fees. Plaintiff's counsel then made an oral motion for leave to file a fee petition, which motion the [c]ourt denied." In an order dated February 26, 2025, the court awarded plaintiff $979.03 in compensatory damages, $600 in attorney fees, and $394 in costs. Plaintiff timely appeals.

¶ 6                                    II. ANALYSIS

¶ 7      On appeal, plaintiff asserts that the trial court abused its discretion by denying plaintiff's motion to file a petition for attorney fees and costs and instead awarding $600 in fees and $394 in costs. Defendant did not file an appellee's brief. Nonetheless, we proceed to the merits because "the record is simple and the claimed error[ ] [is] such that [we] may easily decide the issue[ ]" without the aid of an appellee's brief. See *McHenry Township v. County of McHenry*, 2022 IL 127258, ¶ 48. We agree with plaintiff that the trial court abused its discretion.

¶ 8      Plaintiff succeeded on a claim based on the Act, a federal statute with a fee-shifting provision. Section 2310(d)(1)(A), (B) of the Act (15 U.S.C. § 2310(d)(1)(A), (B) (2018)) provides:

> "(1) Subject to [provisions not applicable here], a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—
>
>> (A) in any court of competent jurisdiction in any State or the District of Columbia; or
>>
>> (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection."

An award of attorney fees and costs to a prevailing plaintiff is authorized under section 2310(d)(2) of the Act (*id.* § 2310(d)(2)), which provides:

"(2) If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses *(including attorneys' fees based on actual time expended)* determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate." (Emphasis added.)

¶ 9    "The plain language of section 2310(d)(2) of the [Act] provides that an award of attorney fees to a prevailing plaintiff is within the sound discretion of the trial court and will not be disturbed on review absent an abuse of discretion." *Cannon v. William Chevrolet/Geo, Inc.*, 341 Ill. App. 3d 674, 685 (2003). "A court abuses its discretion when no reasonable person would take its view." *City of McHenry v. Suvada*, 2011 IL App (2d) 100534, ¶ 17. When a trial court rules on an attorney fee request over which it has discretion, the court abuses its discretion "when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." (Internal quotation marks omitted.) *Robinson v. Point One Toyota, Evanston*, 2017 IL App (1st) 152114, ¶ 24. And "[b]ecause the abuse of discretion standard presupposes a reasoned exercise of discretion, the lack of an explanation for a [determination] of fees often is sufficient to constitute an abuse of discretion when the reasons for an unexplained decision are not apparent from the record." *In re Marriage of Hyman*, 2024 IL App (2d) 230352, ¶ 10; see *Mitchell/Roberts Partnership v. Williamson Energy, LLC*, 2025 IL App (5th) 240354, ¶ 136 ("[A] trial court's failure to exercise its discretion when it is required by law to do so may itself constitute an abuse of discretion, precluding deferential consideration on appeal.").

¶ 10    For that reason,

" '[i]t is essential that the judge provide a reasonably specific explanation for all aspects of a fee determination ***.' [Citation.] While the explanation need not be painstaking, 'the order awarding fees, read against the backdrop of the record as a whole, must expose the [trial] court's thought process and show the method and manner underlying its decisional calculus.' [Citation.] This principle is especially important in cases where the court substantially reduced the documented time. [Citation.] Otherwise, the reviewing court will be unable to conduct an adequate review and remand for further findings will be required." *Robinson*, 2017 IL App (1st) 152114, ¶ 25.

¶ 11    Here, the actual time expended by plaintiff's attorney is a particularly significant factor for the trial court to consider. As explained by the First District, the Act

"specifically refers to attorney fees 'based on actual time expended.' In addressing this phrase, Congress has explained that 'an attorney's fee is to be based upon actual time expended rather than being tied to any percentage of the recovery. This requirement is designed to make the pursuit of consumers rights involving inexpensive consumer products economically feasible.' [Citation.] Thus, the award of attorney fees does not depend upon a plaintiff's recovery of substantial monetary damages nor does it need to be proportionate to an award of money damages. [Citation.] It is for the trial court to determine a reasonable fee, if any, in light of the particular facts and circumstances of each case." *Cannon*, 341 Ill. App. 3d at 686.

¶ 12    Here, when the trial court awarded attorney fees and costs without allowing plaintiff's fee petition, the court did not merely ignore material factors deserving significant weight—it altogether barred plaintiff from presenting any such factors, which was itself an abuse of

discretion. In fact, it appears from the record that the court failed to apply *any* standard in its determination of fees and costs. See *Carefree Foliage, Inc. v. American Tours, Inc.*, 153 Ill. App. 3d 190, 198 (1987) (at evidentiary hearing on fee petition, the trial court erred in summarily denying fees without "comment[ing] on the weight of the evidence or the credibility of the witnesses or the documents presented"; the court abused its discretion because it "failed to apply any standard to measure the reasonableness of attorney fees and costs"). Therefore, we vacate the award of attorney fees and costs in the February 26, 2025, order and remand this cause for the trial court to (1) receive plaintiff's petition for attorney fees and costs and (2) rule appropriately on the petition by stating its reasons for the fees and costs awarded. See *In re Marriage of Kane*, 2016 IL App (2d) 150774-U, ¶¶ 8, 16 (when a trial court awards less than the amount requested in a fee petition, the court's ruling should include the reasons justifying a particular reduction).

¶ 13    Plaintiff's petition may include a request for fees and costs incurred in this appeal. Although "[t]he Act does not clearly mandate appellate attorney fees," "[a]llowing a plaintiff to petition for appellate attorney fees and costs furthers the Act's goal of providing consumers with legal assistance to enable them to pursue a remedy for injury or loss." *Melton v. Frigidaire*, 346 Ill. App. 3d 331, 340-41 (2004); see *Troutman v. Pierce, Inc.*, 402 N.W.2d 920, 925 (N.D. 1987) ("We do not believe that a prevailing consumer's attorney-fee award under [the Act] at the trial level should be dissipated by uncompensated costs, expenses and attorney fees in successfully defending a judgment on appeal."). "Typically, where a party that prevails in the trial court is required to defend that victory on appeal, courts award attorney fees to that party for their work on the appeal, too, provided they prevail on appeal as they did at trial." *Trutin v. Adam*, 2016 IL App (1st) 142853, ¶ 35; see *Chesrow v. Du Page Auto Brokers, Inc.*, 200 Ill. App. 3d 72, 76 (1990) (construing the fee-shifting provision of the Consumer Fraud and Deceptive Business Practices

Act (Consumer Fraud Act) (Ill. Rev. Stat. 1989, ch. 121½, ¶ 270a(c)) to include costs and fees incurred on appeal because " 'the intent of [the] provision [was] to compensate a prevailing party for *all* fees and costs reasonably incurred in connection with the claim brought pursuant to its terms' " (emphasis in original) (quoting *Warren v. LeMay*, 142 Ill. App. 3d 550, 583 (1986))). The foregoing principles apply, even though, in this appeal, plaintiff is not defending the underlying judgment as such but instead is seeking an appropriate award of fees and costs incurred below in securing that judgment. See *Casey v. Rides Unlimited Chicago, Inc.*, 2022 IL App (3d) 210404, ¶¶ 1, 31 (allowing the plaintiff who prevailed under the Consumer Fraud Act and appealed the trial court's reduced fee award to petition for fees incurred on appeal).

¶ 14                                    III. CONCLUSION

¶ 15    For the reasons stated, we vacate the circuit court of Lake County's award of attorney fees and costs and remand the cause for plaintiff to file a fee petition and for the trial court to rule appropriately on the petition.

¶ 16    Vacated and remanded with directions.

*Miller v. Lake Car Sales, Inc.*, **2026 IL App (2d) 250116**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Lake County, No. 23-AR-401; the Hon. Joseph V. Salvi, Judge, presiding. |
| **Attorneys for Appellant:** | Dmitry N. Feofanov, of ChicagoLemonLaw.com, P.C., of Lyndon, and Francis R. Greene, of Greene Consumer Law, of Highland Park, for appellant. |
| **Attorneys for Appellee:** | No brief filed for appellee. |